IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OTIS G. WALKER,                   :
                                  :
     Plaintiff,                   :
                                  :          CIVIL ACTION
        vs.                       :
                                  :          NO. 1:09-CV-2550-WSD
UNITED STATES POSTAL SERVICE      :
and AMERICAN POSTAL WORKERS       :
UNION, AFL-CIO, ATLANTA METRO,    :
AREA LOCAL 32,                    :
                                  :
     Defendants.                  :
                                  :

UNITED STATES POSTAL SERVICE'S CONSOLIDATED STATEMENT
OF UNDISPUTED MATERIAL FACTS AND REPLY IN SUPPORT OF
STATEMENT OF UNDISPUTED MATERIAL FACTS

COMES NOW Defendant, the United States Postal Service (the "USPS"), and, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 hereby files its Consolidated Statement of Undisputed Material Facts and Reply in Support of Statement of Undisputed Material Facts, showing the Court as follows:

1.

**USPS Statement No. 1:**

In August 2006, Plaintiff Otis Walker ("Plaintiff") was an employee of the USPS.  At the time, he worked as a Sales

Associate at the Pharr Road Postal Store ("Pharr Road").
Complaint at ¶¶ 7-8.  Plaintiff worked at Pharr Road from 2000
through August 2006.  Deposition of Plaintiff Otis Walker
("Plaintiff Dep.") at 23.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

<div align="center">2.</div>

**USPS Statement No. 2:**

On or about February 2, 2005, Plaintiff tore his pectoral
muscle while working out at Crunch Gym Fitness Center ("Crunch
Gym").  Plaintiff Dep. at 24-28.  As a result, Plaintiff
underwent surgery to repair this injury.  Plaintiff Dep. at 28.
Plaintiff was therefore on sick leave from the USPS and did not
return to work until April 2005.  Plaintiff Dep. at 31.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

3.

**USPS Statement No. 3:**

Plaintiff reinjured his arm in or around June 2005. Plaintiff Dep. at 31.  Plaintiff's physician ordered that he could return to light-duty work on July 16, 2005 or that he could return to fully duty on August 16, 2005.  Plaintiff Dep. at 35.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

4.

**USPS Statement No. 4:**

Between June and July 2005, while Plaintiff was on sick leave status, he did not make a request for light duty work to any of his supervisors.  Plaintiff Dep. at 54.

**Plaintiff's Response:**

Disputed. Between June 2005 and July 16, 2005, Plaintiff was restricted by his doctor from doing any work, light duty or regular duty. Plaintiff was told that he could begin light duty work as of July 16, 2005. (Deposition of Plaintiff Otis Walker, "Plaintiff Dep.," at 288-290). As soon as Plaintiff was able to return to work on a light duty basis, he made the request for

3

light duty work. (Plaintiff Dep. at 44-45).

**USPS Reply:**

Plaintiff's Response admits that he did not at any time request light duty work between June 2005 and July 16, 2005 because he "was restricted by his doctor from doing any work, light duty or regular duty."  The aforementioned contention that Plaintiff did not at any time request light duty work between June 2005 and July 16, 2005 is therefore undisputed.

5.

**USPS Statement No. 5:**

At no time did Plaintiff ever make a written request for light duty work.  Plaintiff Dep. at 255; Deposition of Carl Hudson ("Hudson Dep.") at 24, 50-51.

**Plaintiff's Response:**

Disputed. The question implies that the request for light duty work had to be made in writing. However, requests for light duty work were made verbally and only committed to writing when and if they were approved. (Deposition of Supervisor Emma Walker, "Emma Walker Dep.," at 23-24).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence, such that it should

4

be deemed admitted.  LR 56.1(B)(2)(a)(2).  Plaintiff's Response
does not respond to or address the material fact set forth in
Paragraph 5 of the USPS's Statement of Undisputed Material Facts
(the "USPS's Statement").  The USPS's contention relates to
whether Plaintiff at any time made a written request for light
duty work, not whether a written request was required by USPS
policy.  Because Plaintiff has failed to respond to or address
the material fact set forth in Paragraph 5 of the USPS's
Statement by directly refuting the USPS's fact with a concise
response supported by specific citations to evidence, the Court
may consider the fact admitted (LR 56.1(B)(2)(a)(2)) and
undisputed for the purpose of the USPS's Motion for Summary
Judgment.  See Fed. R. Civ. P. 56(e)(2).

<div align="center">6.</div>

**USPS Statement No. 6:**

USPS policy requires requests for light duty work to be made
in writing.  Hudson Dep. at 61-62.

**Plaintiff's Response:**

Disputed. Supervisor Emma Walker ("Supervisor Walker")
testified that verbal requests for light duty work were in line
with Postal Service policy. (Emma Walker Dep. at 23-24).

**USPS Reply:**

The USPS objects to the extent Plaintiff intends to impute

<div align="center">5</div>

the testimony of Supervisor Walker to the USPS.  Supervisor

Walker was deposed as a fact witness, not as a representative of

the USPS.[1]

Furthermore, Article 13, Section 2(A) of the Collective

Bargaining Agreement states that "Any full-time regular or

part-time flexible employee recuperating from a serious illness

or injury and temporarily unable to perform the assigned duties

may voluntarily submit a written request to the installation head

for temporary assignment to a light duty or other assignment."

As Plaintiff's Complaint asserts a cause of action against the

USPS arising out of a breach of the Collective Bargaining

Agreement, Plaintiff cannot deny its applicability to this case.

7.

**USPS Statement No. 7:**

Plaintiff remained on sick leave status with the USPS from

June 2005 through August 16, 2005 and received his full salary

---

[1] In Plaintiff's Response to Paragraph 125 of the USPS's
Statement, Plaintiff states "Disputed. Advocate Hudson is not the
proper witness to proclaim Postal Service policy and was only
speaking from his limited personal experience. (Hudson Dep. at
57)."  It is ironic that Plaintiff seeks to point to the
deposition testimony of Supervisor Walker in support of his
Response to Paragraph 6, while claiming Advocate Hudson - an
experienced Union advocate with over 13 years of experience
representing USPS employees at arbitration (Hudson Dep. at 7) -
is not qualified to speak to USPS policy regarding light duty
requests.

from the USPS during this time.  Plaintiff Dep. at 41-42.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

8.

**USPS Statement No. 8:**

From June 2002 until August 16, 2002, in addition to being employed full time by the USPS, Plaintiff had a part-time job at the Fairfield Inn & Suites, Marriott Hotel (the "Fairfield Inn"). Plaintiff Dep. at 35.

**Plaintiff's Response:**

Disputed. Plaintiff worked at the Fairfield Inn from June 2005 through August 16, 2005, not June 2002 through August 16, 2002. (Plaintiff Dep. at 35).

**USPS Reply:**

The USPS agrees that Plaintiff worked at the Fairfield Inn from June 2005 through August 16, 2005, not June 2002 through August 16, 2002.  Paragraph No. 8 is, therefore, undisputed.

9.

**USPS Statement No. 9:**

While on paid sick leave status from the USPS from June 2002 until August 16, 2002, Plaintiff worked at the Fairfield Inn. Plaintiff Dep. at 35, 55; August 8, 2006 Notice of Removal ("Second Notice of Removal") attached to Complaint as Exhibit A. As discussed below, this was in direct violation of USPS policy. See Complaint at ¶ 25, Exhibit B-4 (discussing ELM, Section 513.312).

**Plaintiff's Response:**

Disputed. The relevant time period is June 2005 through August 16, 2005, not June 2002 through August 16, 2002. (Plaintiff Dep. at 35). Moreover, despite the fact that the August 8, 2006, Notice of Removal ("Second Notice of Removal") listed 18 days between June 21, 2005 and April 15, 2006 during which Plaintiff is alleged to have worked his second job while out on sick leave (Plaintiff's Complaint "Compl." at Ex. A-2), and Arbitrator Joseph S. Cannavo ("Arbitrator Cannavo") accepted those dates as true and incorporated them as part of his findings in the March 16, 2009 Arbitration Award ("Arbitration Award") (Compl. at Ex. B-15), the Postal Service's own Office of Inspector General report ("OIG Report") only revealed a total of 13 days, between June 21, 2005 and August 6, 2005, wherein Plaintiff worked his second job while out on sick leave/FMLA. (Plaintiff Dep., Ex. 15 at 4).

8

Lastly, the Postal Service does not have an absolute prohibition against working a second job while out on sick leave. (Compl. at ¶ 25).

**USPS Reply:**

The first sentence of Paragraph 9 of the USPS's Statement addresses the fact that "While on paid sick leave status from the USPS from June 2002 until August 16, 2002, Plaintiff worked at the Fairfield Inn."  As an initial matter, the USPS agrees that "The relevant time period is June 2005 through August 16, 2005, not June 2002 through August 16, 2002."  The time period is, therefore, undisputed.

In further Response to the first sentence, Plaintiff took issue with the number of days during the time period of June 2005 through August 16, 2005, on which Plaintiff worked at his part-time job while on paid, sick leave status with the USPS.  This, however, is not responsive to the material fact asserted - that the Plaintiff did, in fact, work at his part-time job while on paid, sick leave status with the USPS between June 2005 through August 16, 2005.  Because Plaintiff failed specifically to respond to or address the material fact set forth in the first sentence of Paragraph 9 of the USPS's Statement, the Court may consider the fact undisputed.  Fed. R. Civ. P. 56(e)(2); see LR 56.1(B)(2)(a)(2) (requiring responses to a movant's facts to be

9

directly refuted with a concise response supported by specific citations to evidence or else the fact will be deemed admitted). Moreover, Plaintiff's Response seems to admit the material fact set forth by the USPS – that he <u>did</u>, in fact, work at his part-time job at the Fairfield Inn while on paid, sick leave status with the USPS between June 2005 through August 16, 2005. Such fact is, therefore, undisputed. <u>See also</u> Union's Consolidated Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried (hereinafter,"Union's Statement") at ¶¶ 7-9 (undisputed); Plaintiff's Statement of Facts at ¶ 13.

With regard to the second sentence of Paragraph 10 of the USPS's Statement, the USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence, such that it should be deemed admitted.  LR 56.1(B)(2)(a)(2).  In fact, Plaintiff has wholly failed to respond the fact asserted by the USPS.  The fact asserted is that working a second job while on sick leave status with the USPS "was in direct violation of USPS policy."  Rather than responding to this fact, Plaintiff's Response simply states that "the Postal Service does not have an absolute prohibition against working a second job while out on sick leave."  Because Plaintiff has failed to respond to or address the material fact set forth in the second sentence of

Paragraph 9 of the USPS's Statement, the Court may consider the fact undisputed and deem the fact admitted.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

In addition to not responding to the fact asserted, Plaintiff cites solely to his Complaint.  As set forth in Federal Rule of Civil Procedure 56(e)(2), a party opposing summary judgment "may not rely merely on allegations or denials in its own pleadings."  Fed. R. Civ. Proc. 56(e)(2); <u>see</u> LR 56(B)(1); <u>see</u> <u>Dunmar Corp.</u>, 43 F.3d at 592 (explaining that mere citation to pleadings is insufficient in opposition to summary judgment motion because purpose of summary judgment "'is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'") (internal citations omitted); <u>Courson</u>, 939 F.2d at 1487 ("Following discovery, the plaintiff opposing summary judgment may not rely on facts in the complaint, but must raise genuine issues of material fact to counter facts supporting the defendant's" contentions on summary judgment); <u>Brown</u>, 906 F.2d at 670 ("When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial."). Because Plaintiff has failed to cite to any evidence, the Court

may consider the second sentence of Paragraph 9 undisputed.

10.

**USPS Statement No. 10:**

In early 2006, Supervisor Emma Walker ("Supervisor Walker") began working at Pharr Road.  Supervisor Walker, like the other supervisors assigned to Pharr Road, was assigned to more than one location and, therefore, was not at Pharr Road on a full-time basis.  Plaintiff Dep. at 252 (stating that a supervisor was not always at the Pharr Road location, as the supervisors "would go back and forth" to different locations).

**Plaintiff's Response:**

Undsputed.

**USPS Reply:**

Undisputed.

11.

**USPS Statement No. 11:**

Supervisor Walker was moved to Pharr Road because her manager was concerned Plaintiff was not "in the building at the time that he was supposed to be there," such that Supervisor Walker was requested to monitor the situation.  Deposition of Emma Walker ("Emma Walker Dep.") at 8-9, 14-15.

**Plaintiff's Response:**

Disputed. Supervisor Walker testified that, "I was asked to

13

monitor all the employees, not just one particular employee."
(Emma Walker Dep. at 16).

**USPS Reply:**

While Supervisor Walker was asked to monitor all employees,
she was also specifically asked to monitor Plaintiff because he
was not "in the building at the time that he was supposed to be
there."  Deposition of Emma Walker ("Emma Walker Dep.") at 8-9,
14-15.  Plaintiff has failed to present evidence that directly
refutes the proposition that one of the reasons Supervisor Walker
was moved to Pharr Road was to monitor Plaintiff, and the Court
may therefore consider this fact admitted (LR 56.1(B)(2)(a)(2))
and undisputed.  Fed. R. Civ. P. 56(e)(2).

<div align="center">12.</div>

**USPS Statement No. 12:**

In April 2006, Plaintiff suffered an injury from a freezer
ice pack.  Plaintiff Dep. at 61.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

<div align="center">13.</div>

**USPS Statement No. 13:**

<div align="center">14</div>

As a result of this injury, Plaintiff needed to take sick leave from the USPS.  Plaintiff Dep. at 64.

**Plaintiff's Response:**

Disputed. Plaintiff did not take sick leave for his leg injury. He went to work that morning and had to leave early to go to the doctor. He returned to work the following day. (Plaintiff recalling, "it was a one-day Kaiser Permanente in-and-out treatment. It wasn't – I wasn't out for no period of time." (Plaintiff Dep. at 62).

**USPS Reply:**

The USPS asserts that the undisputed evidence demonstrates that on April 15, 2006, Plaintiff worked at the Fairfield Inn while on paid, sick leave status with the USPS in violation of USPS policy and in direct contravention of Supervisor Walker's prior warning.  Emma Walker Dep. at 18; Plaintiff Dep. at 62, Exhibits 6, 11, and 15.  This is supported by the OIG Report and Plaintiff's Time and Attendance Collection System ("TACS") records, compiled as Exhibit 4 to the OIG Report, which show that Plaintiff took 8 hours of sick leave from the USPS on Saturday, April 15, 2006, which was coded as "05600" or "Sick Leave - Regular."  Plaintiff Dep. at Exhibit 15 at p. 7.  As clearly set forth in the OIG Report, Plaintiff worked at the Fairfield Inn during 2.9 hours of this paid, sick leave from the USPS.  Id.

15

This is further supported by the Second Notice of Removal.   <u>Id.</u>
at Exhibit 6.

14.

**USPS Statement No. 14:**

At the time, Supervisor Walker offered Plaintiff light duty work.  Emma Walker Dep. at 22-23.  Plaintiff declined Supervisor's Walker's offer for light duty work and, instead, opted to take paid sick leave.  Id.

**Plaintiff's Response:**

Disputed.  Plaintiff did not require sick leave for his leg injury.  (Plaintiff recalling, "it was a one-day Kaiser Permanente in-and-out treatment. It wasn't – I wasn't out for no period of time." (Plaintiff Dep. at 62).

**USPS Reply:**

The USPS asserts that the undisputed evidence demonstrates that on April 15, 2006, Plaintiff worked at the Fairfield Inn while on paid, sick leave status with the USPS in violation of USPS policy and in direct contravention of Supervisor Walker's prior warning.  Emma Walker Dep. at 18; Plaintiff Dep. at 62, Exhibit 11.  This is supported by the OIG Report and Plaintiff's TACS ") records, compiled as Exhibit 4 to the OIG Report, which show Plaintiff took 8 hours of sick leave from the USPS on Saturday, April 15, 2006, all of which is coded as "05600" or "Sick Leave - Regular."  Plaintiff Dep. at Exhibit 15 at p. 7. As set forth in the OIG Report, Plaintiff worked at the Fairfield

Inn for 2.9 hours of this paid, sick leave from the USPS.  <u>Id.</u>
This is further supported by the Second Notice of Removal.  <u>Id.</u>
at Exhibit 6.

<div align="center">15.</div>

**USPS Statement No. 15:**

Supervisor Walker specifically warned Plaintiff that USPS
policy prohibited him from working his second, part-time job
while on sick leave status from the USPS.  Plaintiff Dep. at 62
("she did say I shouldn't work -- I better not work my part-time
job if I'm out on sick leave."); Emma Walker Dep. at 18.

**Plaintiff's Response:**

Disputed. Supervisor Walker did not cite any specific Postal
Service policy in her "warning" to Plaintiff. (Plaintiff Dep. at
62-63; Emma Walker Dep. at 18).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it
does not directly refute the USPS's fact with a concise response
supported by specific citations to evidence, such that the fact
should be deemed admitted.  LR 56.1(B)(2)(a)(2).  Moreover, the
evidence cited by Plaintiff does not refute the fact presented.
Finally, Plaintiff's Response admits that Supervisor Walker
specifically warned him that he should not work his second, part-
time job while on sick leave status from the USPS.  Plaintiff

<div align="center">18</div>

Dep. at 62 ("she did say I shouldn't work -- I better not work my part-time job if I'm out on sick leave."); Emma Walker Dep. at 18.  Based on all of the foregoing, the fact should be deemed admitted (LR 56.1(B)(2)(a)(2)), and the Court should consider the fact undisputed for the purpose of the USPS's Motion.  Fed. R. Civ. P. 56(e)(2).

<div align="center">16.</div>

**USPS Statement No. 16:**

Based on Supervisor Walker's warning, Plaintiff knew or reasonably should have known that USPS policy prohibited USPS employees from working at another job while on sick leave status from the USPS.  See Plaintiff Dep. at 62; Emma Walker Dep. at 18.

**Plaintiff's Response:**

Disputed.  Supervisor Walker's "warning" occurred in April 2006. (Plaintiff Dep. at 61-66).  However, according to the OIG Report, the 13 days where Plaintiff actually worked his second job while out on sick leave occurred between June 21, 2005 and August 6, 2005 (Plaintiff Dep., Ex. 15 at 4), several months before Supervisor Walker came to the Pharr Road postal store. (Plaintiff Dep. at 252). Further, the second job that Plaintiff is accused of working while out on sick leave is the same job that he worked while not on sick leave, and his supervisors, including Supervisor Walker, were all aware that he worked that

second job. (Emma Walker Dep. at 17-18). As such, Plaintiff had
no reason to believe that continuing to work his second job while
out on sick leave would be a violation of Postal Service policy,
particularly when his medical condition prohibited him from
regular duty work at the Postal Service. (*See generally*, Compl.)

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it
does not directly refute the USPS's fact with a concise response
supported by specific citations to evidence, such that it should
be deemed admitted.  LR 56.1(B)(2)(a)(2).  The Second Notice of
Removal, which served as the basis for Plaintiff's removal and
Arbitrator Cannavo's Award, concluded Plaintiff worked his second
job at the Fairfield Inn while on paid sick leave status with the
USPS on April 15, 2006.  Plaintiff Dep. at Exhibit 6 at p. 2.
Plaintiff has presented no evidence to the contrary.  The OIG
Report cited by Plaintiff also indicates Plaintiff impermissibly
worked at the Fairfield Inn on April 15, 2006 while on paid, sick
leave status with the USPS.  Plaintiff has either misread or
misrepresented the OIG Report and its findings.  The OIG Report
contains 22 dates on which Plaintiff was found to have violated
USPS policy by working at the Fairfield in while on either paid,
sick leave or FMLA with the USPS.  Plaintiff Dep. at Exhibit 15
at p. 7-8.  Moreover, Exhibit 4 of the OIG Report contains

Plaintiff's clock rings, which show that Plaintiff took 8 hours of "00560" or "sick leave - regular," and, as stated in the OIG Report, Plaintiff worked at the Fairfield Inn for 2.9 of those 8 hours.  Plaintiff Dep. at Exhibit 15, p. 7.  Thus, the record is simply devoid of evidence stating Plaintiff did not, in fact, work at the Fairfield Inn while on paid sick leave status with the USPS on April 15, 2006.

Moreover, Plaintiff admits that "Supervisor Walker's 'warning' occurred in April 2006," which provides further support for the fact asserted.

Plaintiff's reliance on and citation to his Complaint to support his claims that "Plaintiff had no reason to believe that continuing to work his second job while out on sick leave would be a violation of Postal Service policy" should be rejected and the fact considered undisputed for the purpose of the USPS's Motion.  A party opposing summary judgment "may not rely merely on allegations or denials in its own pleadings."  Fed. R. Civ. Proc. 56(e)(2); see LR 56(B)(1); see Dunmar Corp., 43 F.3d at 592 (explaining that mere citation to pleadings is insufficient in opposition to summary judgment motion); Courson, 939 F.2d at 1487 ("Following discovery, the plaintiff opposing summary judgment may not rely on facts in the complaint, but must raise genuine issues of material fact to counter facts supporting the

defendant's" contentions on summary judgment); <u>Brown</u>, 906 F.2d at 670 ("When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings...").

Based on all of the foregoing, the fact should be deemed admitted (LR 56.1(B)(2)(a)(2)), and the Court should consider the fact undisputed for the purpose of the USPS's Motion.  Fed. R. Civ. P. 56(e)(2).

<div align="center">17.</div>

**USPS Statement No. 17:**

At no time did Plaintiff submit "a written request to anyone requesting authorization to work at the Fairfield Inn" while on paid sick leave from the USPS.  Plaintiff Dep. at 252-53.

**Plaintiff's Response:**

Disputed. Defendant Postal Service's counsel has completely mischaracterized the testimony of Plaintiff. The question as put to Plaintiff in the deposition had nothing to do with working a second job while on sick leave.  Specifically, the question stated, "In terms of your part-time employment with Fairfield Inn, you never submitted a written request to anyone requesting authorization to work at Fairfield Inn, true." Plaintiff's response was "True. No. No one requested anything." (Plaintiff Dep. at 252-253).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence, such that it should be deemed admitted.  LR 56.1(B)(2)(a)(2).  As set forth in Plaintiff's deposition and in Plaintiff's Response to Paragraph 17, Plaintiff admitted he never submitted a written request for authorization to work at Fairfield Inn.  Plaintiff Dep. at 252-53.  It goes without saying then, that Plaintiff never submitted "'"a written request to anyone requesting authorization to work at the Fairfield Inn' while on paid sick leave from the USPS," as set forth in Paragraph 17.

Based on the foregoing and because Plaintiff failed to cite to particular parts of the record that call the fact as asserted by the USPS into dispute, the fact should be deemed admitted, and the Court should consider the fact undisputed for the purpose of the USPS's Motion.  Fed. R. Civ. P. 56(c)(1), (e)(2); LR 56.1(B)(2)(a)(2).

18.

**USPS Statement No. 18:**

While Plaintiff claims supervisors Lynette Bailey and Supervisor Walker were aware that he had a second job at the Fairfield Inn, he admits that they were not aware that he was

working at that second job while on paid sick leave status from the USPS.  Plaintiff Dep. at 253.

**Plaintiff's Response:**

Disputed. Supervisor Walker was not Plaintiff's supervisor in 2005 when he was out on sick leave. (Plaintiff Dep. at 252; Emma Walker Dep. at 8). Further, Plaintiff was not found to have worked his second job while out on sick leave at any time in 2006, during which period Supervisor Walker was his supervisor. (Plaintiff Dep., Ex. 15 at 4). Accordingly, the implication that Supervisor Walker was "not aware" because Plaintiff somehow concealed such information from her is patently false and disputed.

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence, such that it should be deemed admitted.  LR 56.1(B)(2)(a)(2).  The USPS further objects on grounds that the evidence cited by Plaintiff does not support Plaintiff's fact or put the fact as presented by Defendant into dispute.  Fed. R. Civ. P. 56(c)(1).

While Plaintiff cites to various evidence, none of it disputes Plaintiff's admission that Supervisors Bailey and Walker were *not* aware that Plaintiff was working at his second job while

24

on paid sick leave status from the USPS.  Plaintiff Dep. at 253
("Q. It's fair to say that Lynette Bailey and Emma Walker were
aware you had a second job, but they were not aware that you were
working it on sick leave, true?  A. That's fair to say.").

Finally, with regard to Plaintiff's contention regarding
when Supervisor Walker worked with Plaintiff, such timing is
irrelevant to the fact asserted.  In addition, it is indisputable
that the Second Notice of Removal, which served as the basis for
Plaintiff's removal and Arbitrator Cannavo's Decision, concluded
that Plaintiff worked his second job at the Fairfield Inn while
on paid sick leave status with the USPS on April 15, 2006.
Plaintiff Dep. at Exhibit 6, p. 2.  This is also supported by the
OIG Report, which Plaintiff misinterprets or misrepresents.  The
OIG Report cited in Plaintiff's Response concludes that Plaintiff
impermissibly worked at the Fairfield Inn on 22 separate dates on
which he was on either paid, sick leave or FMLA status with the
USPS.  One of those dates was April 15, 2006.  Plaintiff Dep. at
Exhibit 15, p. 7-8.  Moreover, eight of the dates cited preceded
April 15, 2006.  Id.

Thus, while the USPS submits that it is not relevant to the
fact set forth in Paragraph 18, the USPS notes that the record is
devoid of evidence that Plaintiff did not work at the Fairfield
Inn while on paid sick leave status on April 15, 2006, and

Plaintiff has cited no particular material that can call such
fact into dispute.  LR 56.1(B)(2)(a)(2).

<div align="center">19.</div>

**USPS Statement No. 19:**

Supervisor Ron Manson did not know Plaintiff had a second,
part-time job.  Plaintiff Dep. at 210.

**Plaintiff's Response:**

Disputed. (Plaintiff stated, "With that being said, going
back to the supervisor or management that I was working for, they
knew I had a parttime job. I requested light duty. It was
denied.") (Plaintiff Dep. at 213.).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it
does not directly refute the USPS's fact with a concise response
supported by specific citations to evidence, such that it should
be deemed admitted.  LR 56.1(B)(2)(a)(2).  The evidence cited by
Plaintiff discusses Plaintiff's supervisors or managers
generally, not any specific supervisor or manager.  In contrast,
when Plaintiff was specifically asked about Supervisor Ron Manson
and his knowledge regarding Plaintiff's second job, Plaintiff
stated that Supervisor Manson did not know about his job at the
Fairfield Inn.  Plaintiff Dep. at 210.  More specifically,
Plaintiff was asked with regard to Supervisor Manson: "And you

<div align="center">26</div>

agree that you never had a conversation about working another job?," to which Plaintiff responded "No.  He never knew about my part-time job."  Id.

Because Plaintiff failed to address the USPS's assertion and failed to cite to any evidence that calls the fact asserted into dispute, the Court may consider the material fact set forth in Paragraph 19 of the USPS's Statement as admitted and undisputed. Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

<div align="center">20.</div>

**USPS Statement No. 20:**

In fact, none of Plaintiff's supervisors were aware that he was working at the Fairfield Inn while on paid sick leave status from the USPS.  Hudson Dep. at 55-56; Plaintiff Dep. at 176.

**Plaintiff's Response:**

Disputed. (Plaintiff stated, "With that being said, going back to the supervisor or management that I was working for, they knew I had a parttime job. I requested light duty. It was denied.") (Plaintiff Dep. at 213.).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence, such that it should be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered

<div align="center">27</div>

undisputed.  Fed. R. Civ. P. 56(e)(1).  The evidence cited by Plaintiff discusses whether Plaintiff's supervisors were aware that he had a second, part-time job.  It does not in any way address the fact asserted in Paragraph 20, which relates to whether "Plaintiff's supervisors were aware that he was working at the Fairfield Inn while on paid sick leave status from the USPS."

Plaintiff has admitted his supervisors did not know he was working at the Fairfield Inn while on paid sick leave status from the USPS, and Plaintiff failed to cite "to particular parts of materials in the record" that support otherwise.  Fed. R. Civ. P. 56(c)(1)(A).  Because Plaintiff failed to address the USPS's assertion and failed to cite to any evidence that calls the fact asserted into dispute, the Court may consider the material fact set forth in Paragraph 20 of the USPS's Statement as admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

21.

**USPS Statement No. 21:**

Instead, Plaintiff admits that Supervisor Walker warned him that he better "not be working [his] part-time job" while on paid sick leave status with the USPS.  Plaintiff Dep. at 254; <u>see also</u> <u>id.</u> at 62 ("she did say I shouldn't work -- I better not work my part-time job if I'm out on sick leave.").

28

**Plaintiff's Response:**

Disputed. Defendant Postal Service is mischaracterizing the facts. The OIG Report stated that the only dates that Plaintiff worked his second job while out on sick leave occurred in 2005. (Plaintiff Dep., Ex. 15 at 4). Supervisor Walker's statement to Plaintiff that "You better not be working your part-time job" occurred in 2006. (Plaintiff Dep. at 61-63). Accordingly, the implication that Supervisor Walker's statement was a "warning" that Plaintiff ignored is disputed.

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence, such that it should be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered undisputed.  Fed. R. Civ. P. 56(e)(1).  The evidence cited by Plaintiff is not in any way related to the warnings given to Plaintiff by Supervisor Walker.  Such fact is, therefore, undisputed.

Moreover, Plaintiff misinterprets or misrepresents the OIG Report, such that the evidence cited by Plaintiff does not support the fact he asserts.  The OIG Report cites 22 dates on which Plaintiff worked at the Fairfield Inn while on sick leave status or FMLA with the USPS.  Plaintiff Dep. at Exhibit 15 at p.

29

7-8.  Nine of these were in 2006.  <u>Id.</u>  Plaintiff was only charged with 14 of the 22 dates in the Second Notice of Removal. <u>See</u> Plaintiff Dep. at Exhibit 6.  Moreover, Exhibit 4 of the OIG Report contains Plaintiff's clock rings, which show that Plaintiff took 8 hours of "sick leave - regular," and, as set forth in the OIG Report, Plaintiff worked at the Fairfield Inn for 2.9 of those 8 hours.  Plaintiff Dep. at Exhibit 15, p. 7. Thus, the record is devoid of evidence that shows Plaintiff did not work at the Fairfield Inn while on paid sick leave status with the USPS on April 15, 2006 as charged.  The OIG Report also supports the assertion that Plaintiff worked at the Fairfield Inn while on paid, sick leave or FMLA with the USPS on a total of nine dates in 2006 (Plaintiff Dep. at Exhibit 15 at p. 7-8), which further evidences the inaccuracy of Plaintiff's Response.

Plaintiff admitted Supervisor Walker warned him not to work at his second, part-time job while on paid sick leave status from the USPS, and Plaintiff failed to cite "to particular parts of materials in the record" that support otherwise.  Because Plaintiff failed to address the USPS's assertion and failed to cite to any evidence that calls the fact asserted into dispute, the Court may consider the material fact set forth in Paragraph 21 of the USPS's Statement as admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

22.

**USPS Statement No. 22:**

Despite Supervisor Walker's warning to Plaintiff and, consequently, Plaintiff's undisputable knowledge of the USPS's prohibition against working at another job while on paid sick leave status, following this warning, Plaintiff worked at the Fairfield Inn on April 15, 2006, while on paid sick leave status from the USPS for his freezer pack injury/burn.  Complaint at Exhibit A-2.

**Plaintiff's Response:**

Disputed. Once again, Defendant Postal Service is mischaracterizing the facts. The OIG Report stated that the only dates that Plaintiff worked his second job while out on sick leave occurred in 2005. (Plaintiff Dep., Ex. 15 at 4). Supervisor Walker's statement to Plaintiff that "You better not be working your part-time job" occurred in 2006. (Plaintiff Dep. at 61-63). Accordingly, the implication that Supervisor Walker's statement was a "warning" that somehow gave Plaintiff "undisputable knowledge f the USPS's prohibition against working at another job while on paid sick leave status" is highly disputed.

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response

31

supported by specific citations to evidence, such that it should
be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered
undisputed.  Fed. R. Civ. P. 56(e)(1).  Plaintiff's Response
misinterprets or misrepresents the OIG Report, such that the
evidence cited by Plaintiff does not support the fact he asserts
in an effort to disproves the truth of the fact asserted by the
USPS in Paragraph 22.  The OIG Report specifically cites 22 dates
on which Plaintiff worked at the Fairfield Inn while he was on
sick leave status or FMLA with the USPS.  Plaintiff Dep. at
Exhibit 15 at p. 7-8.  Nine of these dates were in 2006,
including April 15, 2006.  Id.  The record is simply devoid of
evidence stating Plaintiff did not, in fact, work at the
Fairfield Inn while on paid sick leave status with the USPS on
April 15, 2006.

Notably, Plaintiff's Response does not dispute that
Supervisor Walker warned Plaintiff not to work while on sick
leave status from the USPS and also does not dispute that
Plaintiff that Plaintiff was on sick leave status on April 15,
2006.  Such that both of those facts are automatically deemed
undisputed.  Plaintiff has failed to cite "to particular parts of
materials in the record" that affirmatively support his
contention and that call the fact asserted in Paragraph 22 into
question.  Fed. R. Civ. P. 56(c)(1)(A).  Because Plaintiff has

failed to address the USPS's assertion and failed to cite to any evidence that calls the fact asserted into dispute, the Court may consider the material fact set forth in Paragraph 22 of the USPS's Statement as admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

<div align="center">23.</div>

**USPS Statement No. 23:**

Plaintiff admits he did not have any complaints about or problems with Supervisor Walker until she initiated an investigation against him.  Plaintiff Dep. at 57 ("we was always professional friends"); 58-59; 255-56 (stating that prior to Supervisor Walker's initiating an investigation, the two got along "Beautiful[ly]," that "she had reasonable expectations for [Plaintiff] as an employee," that she was "fair," and that Plaintiff "didn't have any complaints about her.").

**Plaintiff's Response:**

Disputed. As the Postal Union revealed, "Management is aware SCS Walker has only been at the Parr Rd. Facility since February of 2006 and has a extreme dislike and blatant disregard for grievant." (Plaintiff Dep., Ex. 7 at 4).

**USPS Reply:**

The USPS objects to the evidence cited in Plaintiff's Response to Paragraph 23 on grounds that it is hearsay.  Fed. R.

<div align="center">33</div>

Evid. 802.  The USPS further objects to Plaintiff's Response on grounds that argument by a Union advocate is not "evidence" that can prove or disprove the fact asserted.  Instead, outside of hearsay evidence, Union Rep. Hunter, the Union representative who authored the Grievance Outline Worksheet cited in Plaintiff's Response, has no personal knowledge regarding Plaintiff's relationship with Supervisor Walker.  "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  Because Plaintiff failed to cite to any admissible evidence or facts in response to Paragraph 23, the Court should consider the fact undisputed for the purpose of the USPS's Motion.  Fed. R. Civ. P. 56(e)(2).

<div align="center">24.</div>

**USPS Statement No. 24:**

Upon learning of the investigation, Plaintiff felt the USPS and Supervisor Walker were "blowing this out of proportion." Plaintiff Dep. at 70.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

25.

**USPS Statement No. 25:**

Bruce Watkins, a friend of Plaintiff (Plaintiff Dep. at 71), reported that Plaintiff told him "'If they fire me, I will blow them away!'"  Plaintiff Dep. at Exhibit 3 (hereinafter "First Notice of Removal"); <u>see</u> Emma Walker Dep. at 32, 38-39.

**Plaintiff's Response:**

Disputed. This is one of the several baseless claims made against Plaintiff by Supervisor Walker that were determined to be false. (Plaintiff Dep. at 291-292).

**USPS Reply:**

The USPS objects on grounds that the evidence cited by Plaintiff does not support the fact he asserts.  While the First Notice of Removal arising out of Plaintiff's terroristic threat against Plaintiff may ultimately have been settled (Paragraph 34, <u>infra</u>, (agreeing that the First Notice of Removal was "settled")), there is no evidence in the record to support Plaintiff's assertion that it was disproved or "determined to be false."  Because Plaintiff has failed to cite to any evidence that actually supports his Response, the Court may consider the material fact set forth in Paragraph 25 of the USPS's Statement as admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

26.

**USPS Statement No. 26:**

Plaintiff knew the USPS had a "Zero Tolerance" policy for threats.  Plaintiff Dep. at 77.  Moreover, he agrees the USPS should take threats of bodily harm seriously. Plaintiff Dep. at 245.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

27.

**USPS Statement No. 27:**

Based on the USPS's investigation into Plaintiff's terroristic threat to "blow" his supervisors away, Plaintiff contacted the Union.  Plaintiff Dep. at 78-79.

**Plaintiff's Response:**

Disputed. Plaintiff never made a "terroristic threat to 'blow' his supervisor away." Plaintiff stated that "Ms. Emma Walker had Postal Inspectors at my job and she's blowing this out of proportion." (Plaintiff Dep. at 72). It is undisputed that Plaintiff contacted the Postal Union following the false allegations against him. (Plaintiff Dep. at 78-79).

36

**USPS Reply:**

The USPS agrees that Plaintiff contacted the Union in response to the USPS's investigation into his *alleged* terroristic threat to "blow" his supervisors away.  Plaintiff Dep. at 78-79.

28.

**USPS Statement No. 28:**

The Union is a local labor organization affiliated with Defendant American Postal Workers Union, AFL-CIO, and serves as the exclusive collective bargaining representative of all clerks, maintenance, motor vehicle, and material support unit Postal Service employees.  See Collective Bargaining Agreement Between the American Postal Workers Union (APWU), AFL-CIO, and the U.S. Postal Service (hereinafter "CBA"), Article 15.5.A.6.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

29.

**USPS Statement No. 29:**

The CBA contains a multi-step grievance-arbitration procedure to resolve disputes arising out of application or interpretation of the Agreement.  See CBA, Article 15.  Under the

CBA, a Union representative or employee who feels aggrieved may initiate a grievance.  Id.  If a grievance is not resolved at Step 1, the Union may appeal to Step 2.  Id.  If the USPS denies a grievance at Step 2, the Union may appeal the grievance to Step 3.  Id.  Alternatively, the CBA provides that certain grievances may be directly appealed to arbitration if not resolved at Step 2.  Id.  At all stages of the grievance procedure, the Union is authorized to "settle or withdraw the grievance in whole or in part."  Id.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

30.

**USPS Statement No. 30:**

In light of Plaintiff's terroristic threat to "blow" his supervisors away, the USPS's resulting investigation, and the CBA, Plaintiff met with Malinda Hunter ("Union Rep. Hunter"), a Union representative.  The two met for "as long as it took." Plaintiff Dep. at 82.  At the time, Union Rep. Hunter took down the complaint and "started the Union investigation."  Plaintiff Dep. at 82-83.

**Plaintiff's Response:**

39

Disputed. Plaintiff never made a "terroristic threat to 'blow' his supervisor away." Plaintiff stated that "Ms. Emma Walker had Postal Inspectors at my job and she's blowing this out of proportion." (Plaintiff Dep. at 72). It is undisputed that Plaintiff contacted the Postal Union and met with Malinda Hunter ("Union Rep. Hunter"). (Plaintiff Dep. at 82-83).

**USPS Reply:**

The USPS agrees that Plaintiff met with Union Rep. Hunter based on Plaintiff's *alleged* terroristic threat to "blow" his supervisors away, the USPS's resulting investigation, and the CBA.

31.

**USPS Statement No. 31:**

As a result of this terroristic threat and the USPS "Zero Tolerance" policy, on June 12, 2006, the USPS placed Plaintiff on Emergency Placement and issued a Notice of Removal to Plaintiff. First Notice of Removal.

**Plaintiff's Response:**

Disputed. Plaintiff never made any "terroristic threat." Those charges were investigated and dismissed. (Plaintiff Dep. at 292-293). The remainder of the paragraph is undisputed.

**USPS Reply:**

The USPS agrees that the USPS placed Plaintiff on Emergency

Placement and issued the First Notice of Removal to Plaintiff as a result of Plaintiff's *alleged* terroristic threat and the USPS "Zero Tolerance" policy.

Those portions of Plaintiff's Response that relate to the outcome of the USPS investigation are irrelevant to the fact asserted in Paragraph 31 and do not support any purported dispute regarding the fact as asserted.  See Fed. R. Civ. Proc. 56(c)(1). Thus, the Court should consider the fact undisputed as rephrased in the USPS's Reply, which is supported by Plaintiff's Response. Moreover, as Plaintiff agrees in Paragraph 34, infra, the First Notice of Removal was "settled," not "dismissed."

<div align="center">32.</div>

**USPS Statement No. 32:**

The First Notice of Removal "is not the subject of the instant action."  Complaint at ¶ 22.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

<div align="center">33.</div>

**USPS Statement No. 33:**

Throughout the investigation into the First Notice of Removal, Union Rep. Hunter actively worked on Plaintiff's behalf

<div align="center">41</div>

and was "instrumental" in representing Plaintiff in this process. Plaintiff Dep. at 102.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

34.

**USPS Statement No. 34:**

As a result of Union Rep. Hunter's advocacy, requests, and representation on Plaintiff's behalf, the First Notice of Removal was settled, and Plaintiff received back pay.  Plaintiff Dep. at 102-03.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

35.

**USPS Statement No. 35:**

In agreeing to settle Plaintiff's grievance related to the terroristic threats made against management, it was understood that neither party waived its position as outlined in the grievance.  See Emma Walker Dep. at 44.

**Plaintiff's Response:**

Disputed. The unfounded allegations made by Supervisor Walker were investigated and dismissed. The Postal Service settled those charges and awarded Plaintiff back pay because it was simply untrue that Plaintiff threatened Supervisor Walker. (Plaintiff Dep. 102-103).

**USPS Reply:**

As set forth in Paragraph 34, <u>supra</u>, the First Notice of Removal was "settled," not dismissed.  <u>See also</u> Emma Walker Dep. at 44.

36.

**USPS Statement No. 36:**

As a result of safety concerns related to the terroristic threat made against Supervisor Walker, Supervisor David Corey ("Supervisor Corey") took over the handling of all investigations related to Plaintiff, including responding to Union inquiries. Emma Walker Dep. at 60; Hudson Dep. at 76.

**Plaintiff's Response:**

Disputed. Plaintiff never made any "terroristic threat" against Supervisor Walker; those charges were investigated and dismissed. (Plaintiff Dep. at 292-293). The remainder of the paragraph is undisputed.

**USPS Reply:**

As set forth in Paragraph 34, <u>supra</u>, the First Notice of Removal was "settled," not dismissed.   <u>See also</u> Emma Walker Dep. at 44. Subject to the foregoing objection, the USPS agrees with Plaintiff that as a result of safety concerns related to the *alleged* terroristic threat made against Supervisor Walker, Supervisor Corey took over the handling of all investigations related to Plaintiff, including responding to Union inquiries.

37.

**USPS Statement No. 37:**

Supervisor Corey is the person who brought formal charges against Plaintiff, including issuing the First and Second Notices of Removal to Plaintiff.   Hudson Dep. at 63-64; Plaintiff Dep. at Exhibits 3, 6.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

38.

**USPS Statement No. 38:**

On August 8, 2006, Plaintiff was issued a Second Notice of Removal.   Complaint at ¶ 25, Exhibit A.

45

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

39.

**USPS Statement No. 39:**

Plaintiff's Second Notice of Removal contained two charges: (1) "Unacceptable Conduct" arising out of the allegations that Plaintiff left Pharr Road to work out at Crunch Gym during working hours and without clocking out (hereinafter "Charge #1"); and (2) "Improper Conduct" arising out of the allegation that Plaintiff engaged in other gainful employment while on paid sick leave status with the USPS in contravention of the Employee and Labor Relations Manual (the "ELM") (hereinafter "Charge #2"). Complaint at ¶ 25, Exhibit A, Exhibit B.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

40.

**USPS Statement No. 40:**

With regard to Charge #2, the USPS's Second Notice of

Removal was based on the USPS's finding that Plaintiff worked as a Front Desk Clerk at the Fairfield Inn on the same dates that he was on paid sick leave from the USPS.  Complaint at Exhibit A.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

<div align="center">41.</div>

**USPS Statement No. 41:**

More specifically, the USPS determined that a comparison of payroll records from Fairfield Inn and Time and Attendance records from the USPS confirmed that Plaintiff was paid sick leave while he also received earnings from Fairfield Inn on: 6/21/05, 6/22/05, 6/27/05, 6/28/05, 6/29/05, 7/2/05, 7/7/05, 7/9/05, 7/14/05, 7/16/05, 7/19/05, 7/21/05, 7/23/05, 7/26/05, 8/6/05, 8/9/05, 8/13/05, and 4/15/06.  Complaint at Exhibit A.

**Plaintiff's Response:**

Disputed. The OIG's Report revealed 13 days where Plaintiff was alleged to have worked his second job while out on sick leave. Those dates were as follows: 6/21/05, 6/22/05, 6/27/05, 6/28/05, 6/29/05, 7/2/05, 7/9/05, 7/16/05, 7/19/05, 7/21/05, 7/23/05, 7/26/05 and 8/6/05. (Plaintiff Dep., Ex. 15 at 4-8).

<div align="center">47</div>

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence, such that it should be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered undisputed.  Fed. R. Civ. P. 56(e)(2).  The Second Notice of Removal, which served as the basis for Plaintiff's removal and Arbitrator Cannavo's Award, concluded that Plaintiff worked his second job at the Fairfield Inn on all of the dates set forth in Paragraph 41 of the USPS's Statement.  Plaintiff Dep. at Exhibit 6 at p. 2.  Plaintiff has presented no evidence to the contrary.

Moreover, Plaintiff's Response misinterprets or misrepresents the OIG Report.  The OIG Report cites 22 dates on which Plaintiff worked at the Fairfield Inn while on either sick leave status or FMLA with the USPS.  Plaintiff Dep. at Exhibit 15, p. 7-8.  Nine of these were in 2006.  <u>Id.</u>  Of those dates listed in the OIG Report, Plaintiff was only charged with 14 of the 22 dates in the Second Notice of Removal.  <u>See</u> Plaintiff Dep. at Exhibit 6.  Thus, the OIG Report cited by Plaintiff provides further evidence of certain dates on which Plaintiff worked at the Fairfield Inn while on paid sick leave status or FMLA with the USPS.  It is not evidence that in any way disproves the fact asserted in Paragraph 41.  Because Plaintiff failed to cite to

48

any evidence that disputes or refutes the fact asserted by the
USPS in Paragraph 41, the Court may consider it admitted and
undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

42.

**USPS Statement No. 42:**

The April 15, 2006 violation took place after Supervisor
Walker had specifically warned Plaintiff that it was a violation
of USPS policy to work a second job while on sick leave status
with the USPS.  Emma Walker Dep. at 18; Plaintiff Dep. at 62; see
Complaint at Exhibit A.

**Plaintiff's Response:**

Disputed. There was no April 15, 2006 violation of the sick
leave policy. (Plaintiff Dep., Ex. 15 at 4-8).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it
does not directly refute the USPS's fact with a concise response
supported by specific citations to evidence, such that it should
be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered
undisputed.  Fed. R. Civ. P. 56(e)(1).  The Second Notice of
Removal, which served as the basis for Plaintiff's removal and
Arbitrator Cannavo's Decision, concluded that Plaintiff worked
his second job at the Fairfield Inn while on paid sick leave
status with the USPS on April 15, 2006.  Plaintiff Dep. at

49

Exhibit 6 at p. 2.  Plaintiff has presented no evidence to the contrary.

The OIG Report, which Plaintiff misinterprets or misrepresents, is further evidence of certain dates on which Plaintiff worked at the Fairfield Inn while on paid sick leave status with the USPS, including April 15, 2005.  Further, the OIG Report cites 22 dates on which Plaintiff worked at the Fairfield Inn while on paid, sick leave status or FMLA with the USPS, eight of which were prior to April 15, 2006.  Plaintiff Dep. at Exhibit 15, p. 7-8.

Plaintiff has also failed to cited to any evidence to support his assertion that "[t]here was no April 15, 2006 violation of the sick leave policy," such that Plaintiff has not directly refuted the USPS's with concise responses supported by specific citations to evidence.  LR 56.1(B)(2)(a)(2).  In fact, Exhibit 4 of the OIG Report contains Plaintiff's clock rings, which show that Plaintiff took 8 hours of "sick leave - regular," and, as set forth in the OIG Report, Plaintiff worked at the Fairfield Inn for 2.9 of the 8 hours that he was on paid, sick leave status.  Plaintiff Dep. at Exhibit 15, p. 7.

Further, Plaintiff previously admitted that Supervisor Walker warned him not to work at his second, part-time job while on paid sick leave status from the USPS (See Paragraph 16,

supra), and Plaintiff failed to cite "to particular parts of materials in the record" that support otherwise.  Fed. R. Civ. P. 56(c)(1).  Because Plaintiff failed to address the USPS's assertion and failed to cite to any evidence that actually calls the fact asserted into dispute, the Court may consider the material fact set forth in Paragraph 42 of the USPS's Statement as admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

<div align="center">43.</div>

**USPS Statement No. 43:**

Section 513.312 of the ELM provides "an employee who is in sick leave status may not engage in any gainful employment unless prior approval has been granted by appropriate authority." Complaint at ¶ 25, Exhibit B-4.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

<div align="center">44.</div>

**USPS Statement No. 44:**

Section 665.3 of the ELM states that, "employees must cooperate in any postal investigation, including Office of Inspector General investigations."  Complaint at ¶ 25, Exhibit B-

<div align="center">51</div>

4.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

45.

**USPS Statement No. 45:**

Throughout the USPS investigation of the Second Notice of Removal, Plaintiff was uncooperative, refusing to answer questions posed to him.  Complaint at ¶ 24, B3-B-4 (stating that on May 30, 2006, when Plaintiff and his Union representative met with USPS investigators, Plaintiff "refused to answer any questions"); B-4 (stating that when a supervisor initially spoke with Plaintiff regarding working another job on USPS time, Plaintiff responded that this was "'something I have to do and don't mess with my money'" and that on July 18, 2008, when Plaintiff met with USPS investigators, "he chose not to answer any question"); B-8 (stating Plaintiff "was evasive and less than forth coming in his response as to why he engaged in gainful employment while in a sick leave status").

**Plaintiff's Response:**

Disputed. Plaintiff made himself available and appeared for questioning throughout the Postal Service investigation. However,

as a result of the bad advice and counsel he received from his Postal Union advocate, he refused to answer any questions. As the OIG Report indicated, "On May 30, 2006, RA and SA Henry Reeves, met with Walker and Ralph Brown, vise (sic) president, APWU 32 Union, Fairburn St, Atlanta, GA. Walker was advised of the nature of this investigation and advised of his Kalkine Rights. Brown advised Walker not to say anything or answer any questions regarding the investigation. Walker complied with Brown's instructions, at that time the interview was terminated." (Plaintiff Dep., Ex. 15 at 7).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence, such that it should be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered undisputed.  Fed. R. Civ. P. 56(e)(2).  While Plaintiff may blame his failure to cooperate and refusal to answer questions on the advice provided by the Union, such a claim does not respond to the underlying fact asserted in Paragraph 45.

Moreover, a party is bound by the admissions in his pleadings.  Best Canvas, 713 F.2d at 621.  In his Complaint, Plaintiff admits that he did not "cooperate or respond to any questions."  Complaint at ¶ 24.  Plaintiff is prohibited from now

53

claiming otherwise.

Based on all the foregoing, the fact should be deemed admitted (LR 56.1(B)(2)(a)(2)), and the Court should consider the fact undisputed for the purpose of the USPS's Motion.  Fed. R. Civ. P. 56(e)(2); see Best Canvas, 713 F.2d at 621.

<div align="center">46.</div>

**USPS Statement No. 46:**

Where, as here, a USPS employee may incriminate himself by answering questions, the Union may advise that employee not to answer certain question based on the right against self-incrimination.  Hudson Dep. at 38; see Plaintiff Dep. at 206 (agreeing that "it's logical that the Union would have told [Plaintiff] not to incriminate [himself] by answering yes" with regard to whether he had worked a second job while collecting sick leave).

**Plaintiff's Response:**

Disputed. The advice that Plaintiff received from the Postal Union was bad advice. It resulted in erroneous information being entered into the record by Defendant Postal Service and later accepted as fact during the arbitration hearing. (Plaintiff did not "answer questions during the Investigative Interview relative to whether he did in fact engage in gainful employment while in a sick leave status. As such, the Advocate states that Management

<div align="center">54</div>

was forced to rely on the information provided by the OIG as found in is [sic] Report of Investigation.") (Compl., at Ex. B-6). Moreover, Plaintiff's failure to answer questions during the investigations, on the advice of the Postal Union, was in itself a violation of the Employee and Labor Relations Manual ("ELM"). (Compl. at ¶¶ 49-52; Compl. at Ex. A-3).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence, such that it should be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered undisputed. Fed. R. Civ. P. 56(e)(2). Plaintiff's Response does not in any way address or respond to the fact asserted. While he cites to portions of the record, those portions are irrelevant to the fact asserted, such that they do not call the fact into dispute. Based on the foregoing and because Plaintiff failed to cite to particular, relevant parts of the record that actually respond to or call the fact as asserted by the USPS into dispute, the fact should be deemed admitted, and the Court should consider the fact admitted and undisputed for the purpose of the USPS's Motion. See Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

47.

**USPS Statement No. 47:**

While Plaintiff's failure to cooperate in the investigation was in violation of ELM Section 665.3, the Arbitrator ultimately concluded that "Had [Plaintiff] answered the questions and cooperated in the investigation, it would not have changed the facts as presented and as he testified to."  Complaint at B-19; see also Hudson Dep. at 40.

**Plaintiff's Response:**

Disputed. As a result of the Postal Union's advice to Plaintiff not to respond to questions during the investigations conducted by Defendant Postal Service, Arbitrator Cannavo was forced to accept as fact evidence presented by Defendant Postal Service that was clearly erroneous. In reference specifically to the April 15, 2006 date, Arbitrator Cannavo stated, "Thus, if the Grievant truly did not have prior notice of the prohibition against working a second job while on sick leave, he certainly had sufficient notice to correct the situation, given Supervisor Walker's credible and unrebutted testimony. However, he did not curb his activity of taking sick leave or FMLA and working at the hotel simultaneously." (Compl., at Ex. B-16). Yet, as previously revealed, the OIG Report never included any allegation that Plaintiff worked his second job while out on sick leave on April

15, 2006 or any date during the time period that Supervisor

Walker worked with Plaintiff. (Plaintiff Dep., Ex. 15 at 4-8).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it

does not directly refute the USPS's fact with a concise response

supported by specific citations to evidence, such that it should

be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered

undisputed.  Fed. R. Civ. P. 56(e)(2).  Plaintiff's Response does

not in any way address or respond to the fact asserted.  While he

cites to portions of the record, those portions are irrelevant to

the fact asserted, such that they do not call the fact into

dispute.  The USPS's contention relates to Arbitrator Cannavo's

ultimate conclusion that even if Plaintiff had "answered the

questions and cooperated in the investigation, it would not have

changed the facts as presented and as he testified to."

Complaint at B-19; Plaintiff Dep. at Exhibit 11.  Because

Plaintiff's response entirely fails to respond to or address this

material fact, the Court may consider the fact admitted and

undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

48.

**USPS Statement No. 48:**

Following the issuance of the Second Notice of Removal,

Defendant American Postal Workers Union, AFL-CIO (the "Union")

filed a grievance on Plaintiff's behalf.  Complaint at ¶ 26.
Union Rep. Hunter filed this grievance in an effort to get
Plaintiff back to work.  Plaintiff Dep. at 118.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

49.

**USPS Statement No. 49:**

As part of this grievance process, Plaintiff was interviewed
on May 30, 2006, at which time he was represented by Union Rep.
Hunter.  Plaintiff Dep. at 114.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

50.

**USPS Statement No. 50:**

Another interview was held on July 18, 2006, and Union Rep.
Hunter again was present and represented Plaintiff at this
interview.  Plaintiff Dep. at 116-17.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

51.

**USPS Statement No. 51:**

After Plaintiff received the Second Notice of Removal, Union Rep. Hunter "was out there gathering information on [his] behalf and representing [Plaintiff] zealously," to the best of her ability.  Plaintiff Dep. at 117-18.

**Plaintiff's Response:**

Disputed. According to Postal Union advocate Carl Hudson ("Advocate Hudson"), all evidence to be gathered or questions to be asked had to be completed by the Step 2 stage, and Union Rep. Hunter failed to seek records that could have been helpful to Plaintiff's case. (Hudson Dep. at 32).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence, such that it should be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered undisputed.  Fed. R. Civ. P. 56(e)(2).  It is undisputable that

59

Plaintiff admitted that Union Rep. Hunter "was out there gathering information on [his] behalf and representing [Plaintiff] zealously," to the best of her ability.  Plaintiff Dep. at 117-18. Plaintiff may not now claim otherwise.

<div align="center">52.</div>

**USPS Statement No. 52:**

At Step 1 of the grievance process, Union Rep. Hunter met with Supervisor Walker.  Plaintiff Dep. at 119-20, Exhibit 7.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

<div align="center">53.</div>

**USPS Statement No. 53:**

Union Rep. Hunter went on to file a Step 2 Appeal Grievance Form.  Plaintiff Dep. at 119-21, 129, Exhibit 7.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

<div align="center">54.</div>

**USPS Statement No. 54:**

Union Rep. Hunter also requested additional documents relative to processing Plaintiff's grievance related to his Second Notice of Removal. Plaintiff Dep. at 125-27, Exhibit 8.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

55.

**USPS Statement No. 55:**

Both Union Advocate Ralph Brown ("Vice President Brown"), who, at the time, was the Vice President of Plaintiff's Union chapter, and Union Rep. Hunter helped Plaintiff during the Step 2 process. Plaintiff Dep. at 134.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

56.

**USPS Statement No. 56:**

In proceeding with the grievance process, the Union presented "very compelling arguments on [Plaintiff's] behalf." Plaintiff Dep. at 122.

61

**Plaintiff's Response:**

    Undisputed.

**USPS Reply:**

    Undisputed.

<div align="center">57.</div>

**USPS Statement No. 57:**

    Based on the seriousness of Plaintiff's actions, the USPS again denied the grievance at Step 2.  Plaintiff Dep. at 134; Complaint at ¶ 26.

**Plaintiff's Response:**

    Undisputed.

**USPS Reply:**

    Undisputed.

<div align="center">58.</div>

**USPS Statement No. 58:**

    The Postal Service denied Plaintiff's appeals and the matter was referred to arbitration.  Complaint at ¶ 26; Plaintiff Dep. at 140, Exhibit 10.

**Plaintiff's Response:**

    Undisputed.

**USPS Reply:**

    Undisputed.

59.

**USPS Statement No. 59:**

The sole issue for which this matter was submitted to arbitration was whether the USPS issued the Second Notice of Removal for just cause in accordance with Article 16 of the Collective Bargaining Agreement.   Complaint at Exhibit B-2.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

60.

**USPS Statement No. 60:**

Plaintiff and his Union representatives, Vice President Brown and Union Rep. Hunter, were in ongoing contact and "were going back and forth up until the [first] arbitration." Plaintiff Dep. at 138-39.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

61.

**USPS Statement No. 61:**

Plaintiff spoke with Union Rep. Hunter "regularly" – "at least once a week."  Plaintiff Dep. at 139; <u>see also</u> Plaintiff Dep. at 143.  Moreover, he never had a problem getting in touch with Union Rep. Hunter.  Plaintiff Dep. at 140.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

62.

**USPS Statement No. 62:**

The arbitration process was explained to Plaintiff, as was the strategy for arbitration.  Plaintiff Dep. at 142, 144.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

63.

**USPS Statement No. 63:**

Two arbitrations were held.  No result was reached following the first arbitration because the first arbitrator became ill.

Complaint at ¶ 27; Plaintiff Dep. at 147.  Nevertheless, at this arbitration, Plaintiff was represented by Vice President Brown. Complaint at ¶ 27; Plaintiff Dep. at 146.  Vice President Brown presented Plaintiff's case, calling Plaintiff and Union Rep. Hunter to testify.  Plaintiff Dep. at 146.

**Plaintiff's Response:**

    Undisputed.

**USPS Reply:**

    Undisputed.

<div align="center">64.</div>

**USPS Statement No. 64:**

    Between Plaintiff's first and second arbitration hearing, Union elections were held, and new Union representatives were elected.  Plaintiff Dep. at 150-51.  As a result, Union Rep. Hunter returned to her position working on the floor as a USPS clerk.  Plaintiff Dep. at 150.  In addition, Vice President Brown retired and was, therefore, no longer with the Union.  Plaintiff Dep. at 155-56; Hudson Dep. at 19.

**Plaintiff's Response:**

    Undisputed.

**USPS Reply:**

    Undisputed.

65.

**USPS Statement No. 65:**

The Union continued to be in contact with Plaintiff in between the two arbitrations.  Plaintiff "kept going to the Union" office, and he spoke with Kenneth Beasley, the Union President.  Plaintiff Dep. at 154.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

66.

**USPS Statement No. 66:**

As a result of Vice President Brown's retirement and Union elections, and in preparation for the second arbitration, Union Advocate Carl Hudson ("Advocate Hudson") took over Plaintiff's case.  Hudson Dep. at 17-19.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

67.

**USPS Statement No. 67:**

Advocate Hudson was assigned to Plaintiff's case in the later part of 2008 and had "[a] few months" to prepare for arbitration.  Hudson Dep. at 20.

**Plaintiff's Response:**

Disputed. The Postal Union refused to answer questions or provide documentation on this issue. (Defendant Postal Union's Response to Plaintiff's First Set of Interrogatories at ¶ 11).

**USPS Reply:**

The USPS objects to Plaintiff's Response because it fails to cite to any evidence before the Court. While a party opposing summary judgment may point to a party's responses to interrogatories to show specific facts that demonstrate a genuine issue to be tried (Brown, 906 F.2d at 670), the Union's Responses to Plaintiff's Interrogatories have not been filed with the Court and are not part of the record.  See Fed. R. Civ. Proc. 56(c)(1) (stating that "party asserting a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record..."); LR 56.1(C) (The parties must file as exhibits to their briefs the originals of any affidavits relied upon in their motion and response papers, and copies of those excerpts of depositions or other discovery

materials that are referenced therein.").  Consequently, because
the Union's Interrogatory Responses have not been filed with the
Court and are not part of the records, the Court may not consider
them for the purpose of the USPS's Motion for Summary Judgment.
The fact should, therefore, be deemed admitted (LR
56.1(B)(2)(a)(2)), and considered undisputed.  Fed. R. Civ. P.
56(e)(2).

<div align="center">68.</div>

**USPS Statement No. 68:**

This is the "typical" amount of time Advocate Hudson
generally has to prepare for arbitration.  Hudson Dep. at 20.

**Plaintiff's Response:**

Disputed. The Postal Union refused to answer questions or
provide documentation on this issue. (Defendant Postal Union's
Response to Plaintiff's First Set of Interrogatories at ¶ 11).

**USPS Reply:**

The USPS objects to Plaintiff's Response because it fails to
cite to any evidence before the Court.  While a party opposing
summary judgment may point to a party's responses to
interrogatories to show specific facts that demonstrate a genuine
issue to be tried (Brown, 906 F.2d at 670), the Union's Responses
to Plaintiff's Interrogatories have not been filed with the Court
and are not part of the record.  See Fed. R. Civ. Proc. 56(c)(1)

<div align="center">70</div>

(stating that "party asserting a fact cannot be or is genuinely disputed <u>must</u> support the assertion by: (A) citing to particular parts of materials <u>in the record</u>..."); LR 56.1(C) (The parties must file as exhibits to their briefs the originals of any affidavits relied upon in their motion and response papers, and copies of those excerpts of depositions or other discovery materials that are referenced therein.").  Consequently, because the Union's Interrogatory Responses have not been filed with the Court and are not part of the records, the Court may not consider them for the purpose of the USPS's Motion for Summary Judgment.

The USPS further objects on grounds that, while Interrogatory Number 11 to the Union relates to Advocate Hudson's work on Plaintiff's case, it does not in any way request information related to the amount of time Advocate Hudson generally spends preparing for arbitration.  Thus, in addition to failing to cite to any evidence before the Court, the purported authority cited does not address the issues Plaintiff contends.

Based on the foregoing, the fact should be deemed admitted (LR 56.1(B)(2)(a)(2)), and consider undisputed.  Fed. R. Civ. P. 56(e)(2).

<div align="center">69.</div>

**USPS Statement No. 69:**

At the time he was assigned to Plaintiff's case, Advocate

<div align="center">71</div>

Hudson was an experienced Union advocate, having more than 13 years of experience representing USPS employees at arbitration. Hudson Dep. at 7.  Advocate Hudson was locally and nationally certified to handle arbitrations on behalf of the Union and had handled 15 to 20 local and national arbitrations a year since 1995.  Hudson Dep. at 10-11, 14-15.

**Plaintiff's Response:**

Disputed. The Postal Union refused to answer questions or provide documentation on this issue. (Defendant Postal Union's Response to Plaintiff's First Set of Interrogatories at ¶ 11).

**USPS Reply:**

The USPS objects to Plaintiff's Response because it fails to cite to any evidence before the Court.  Fed. R. Civ. P. 56(c)(1)(A); LR 56.1(B)(2)(a)(2).  As an initial matter, while a party opposing summary judgment may point to a party's responses to interrogatories to show specific facts that demonstrate a genuine issue to be tried (Brown, 906 F.2d at 670), the Union's Responses to Plaintiff's Interrogatories have not been filed with the Court and are not part of the record.  See Fed. R. Civ. Proc. 56(c)(1) (stating that "party asserting a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record..."); LR 56.1(C) (The parties must file as exhibits to their briefs the originals of

any affidavits relied upon in their motion and response papers, and copies of those excerpts of depositions or other discovery materials that are referenced therein."). Consequently, because the Union's Interrogatory Responses have not been filed with the Court and are not part of the records, the Court may not consider them for the purpose of the USPS's Motion for Summary Judgment.

Finally, the USPS objects on grounds that, while Interrogatory Number 11 to the Union relates to Advocate Hudson's work on Plaintiff's case, it does not in any way request information regarding Advocate Hudson's experience or certifications. Thus, in addition to failing to cite to any evidence before the Court, the purported authority cited does not address the issues Plaintiff contends.

Based on the foregoing, the fact should be deemed admitted (LR 56.1(B)(2)(a)(2)), and consider undisputed for the purpose of the USPS's Motion. Fed. R. Civ. P. 56(e)(2).

70.

**USPS Statement No. 70:**

Plaintiff met with Advocate Hudson "a couple times" prior to arbitration. Plaintiff Dep. at 157. One meeting lasted "several hours." Plaintiff Dep. at 157. Plaintiff described his "whole case" to Advocate Hudson, and the two "discussed all the documents and evidence that's been collected and that was

73

presented at the other arbitration hearing." Plaintiff Dep. at 159.

**Plaintiff's Response:**

    Undisputed.

**USPS Reply:**

    Undisputed.

<div align="center">71.</div>

**USPS Statement No. 71:**

    In addition to going through Plaintiff's case, Plaintiff and Advocate Hudson discussed arbitration strategy. Plaintiff Dep. at 161.

**Plaintiff's Response:**

    Undisputed.

**USPS Reply:**

    Undisputed.

<div align="center">72.</div>

**USPS Statement No. 72:**

    In preparation for arbitration, Advocate Hudson also spoke with Vice President Brown to obtain Vice President Brown's knowledge regarding Plaintiff's grievance and the first arbitration, as well as to get Vice President Brown's assessment and impressions of the matter. Hudson Dep. at 76.

<div align="center">74</div>

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

<div align="center">73.</div>

**USPS Statement No. 73:**

Advocate Hudson spent "well over 24 hours" – likely "24 to 48 hours" preparing for arbitration.  Hudson Dep. at 22-23.  This included spending 8 hours "the night before [arbitration] alone." Hudson Dep. at 22.

**Plaintiff's Response:**

Disputed. Advocate Hudson contradicted himself several times on this issue, initially saying that he spent "several" hours preparing for the arbitration hearing. (Hudson Dep. at 21).

**USPS Reply:**

The USPS objects to this response as argumentative and not supported by the record.  The USPS asserts that Advocate Hudson's testimony is not contradictory.  Instead, Advocate Hudson simply expanded and clarified his testimony.  A review of Advocate Hudson's deposition reveals this clearly:

Q.   So how many hours would you say you used preparing for the arbitration hearing?

A.    Several.

Q.    How many?

A.    Several.

Q.    Three?

A.    No.  No.  Three hours alone looking up case files.

Q.    Several generally refers to three.

A.    Well over 12, 14 hours.

Q.    12, 14 hours?

A.    Well over.

Q.    Well over 12 or 14.  What does that mean to you?

A.    Well, this is a stage.  Pick up the case file, briefly
      go over it, jot down some notes.  Then you begin to
      look at other angles.
      So the night before alone is about eight hours.  So in
      the between time was two hours here, one hour here,
      three hours here. Several hours.

In summary, Plaintiff's Response does not directly refute
the fact asserted in Paragraph 73.  LR 56.1(B)(2)(a)(2). Instead,
Advocate Hudson simply clarified his answer, making sure that he
and Plaintiff's counsel understood what Advocate Hudson meant by
"several hours."  Because the evidence cited by Plaintiff does
not call the fact into dispute, it should be deemed admitted.  LR
56.1(B)(2)(a)(2).

74.

**USPS Statement No. 74:**

Prior to the second arbitration, while Plaintiff had questions, Plaintiff felt "confident" that Advocate Hudson was going to "do the best he could" on Plaintiff's behalf.  Plaintiff Dep. at 160.

**Plaintiff's Response:**

Disputed.  Plaintiff expressed concerns about the preparation for the second arbitration. (Plaintiff Dep. at 162). (Plaintiff stated, "I really feel I didn't get the same representation from the first – I mean, I feel like they just threw this at Mr. Hudson at the last minute. He didn't have the knowledge of Malinda Hunter. So I think he was unfairly put in a bad situation.") (Plaintiff Dep. at 182).

**USPS Reply:**

The USPS objects to this response as argumentative and not supported by the record.  Plaintiff's Response disingenuously represents Plaintiff's deposition testimony to the Court.  While Plaintiff had "concerns" about calling character witnesses, it is undisputable that Plaintiff admitted that he was "confident" that Advocate Hudson was going to "do the best he could" on Plaintiff's behalf.  Plaintiff Dep. at 160.  Moreover, while Plaintiff had "questions" about calling character witnesses

(Id.), Plaintiff never suggested or testified that he had any "concerns" about Advocate Hudson going into arbitration. Suggesting otherwise ignores Plaintiff's own testimony and the admissions to which he is bound.  Based on the foregoing, the fact should be deemed admitted (LR 56.1(B)(2)(a)(2)), and the Court should consider the fact undisputed for the purpose of the USPS's Motion.  Fed. R. Civ. P. 56(e)(2).

75.

**USPS Statement No. 75:**

A second arbitration was held January 6, 2009 before Arbitrator Joseph S. Cannavo ("Arbitrator Cannavo").  At this second arbitration, Plaintiff was represented Advocate Hudson. Complaint at ¶ 28.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

76.

**USPS Statement No. 76:**

Advocate Hudson was prepared to present at arbitration. Plaintiff Dep. at 189.

**Plaintiff's Response:**

Disputed. Plaintiff expressed concerns about the preparation for the second arbitration. (Plaintiff Dep. at 162). (Plaintiff stated, "I really feel didn't get the same representation from the first – I mean, I feel like they just threw this at Mr. Hudson at the last minute. He didn't have the knowledge of Malinda Hunter. So I think he was unfairly put in a bad situation.") (Plaintiff Dep. at 182).

**USPS Reply:**

The USPS objects to this response as argumentative and not supported by the record.  Plaintiff's Response disingenuously represents Plaintiff's deposition testimony to the Court.  While Plaintiff had "questions" about calling character witnesses at arbitration (Plaintiff Dep. at 160, 189), it is undisputable that Plaintiff admitted that Advocate Hudson was, to the best of Plaintiff's knowledge, "prepared to present to arbitration."  Id. at 189.  When specifically asked if he was prepared for arbitration, Plaintiff did not express any of the concerns set forth in Plaintiff's Response.

Moreover, even if one were to assume that (1) Plaintiff did not get the same representation as the first arbitration, (2) Mr. Hudson was thrown in at the last minute, (3) Advocate Hudson did not have the same knowledge Union Rep. Hunter had (Plaintiff Dep. at 182) – all of which the USPS deny - none of this equates to

not being prepared.   Plaintiff never suggested or testified Advocate Hudson was not prepared for arbitration.   Suggesting otherwise ignores Plaintiff's own testimony and the admissions to which he is bound.   Based on the foregoing, the fact should be deemed admitted (LR 56.1(B)(2)(a)(2)), and the Court should consider the fact undisputed for the purpose of the USPS's Motion.   Fed. R. Civ. P. 56(e)(2).

<div align="center">77.</div>

**USPS Statement No. 77:**

The USPS presented testimony from several witnesses at the second arbitration, including Supervisor Walker, Supervisor Corey, and Special Agent with the Office of Inspector General, Nick Ivanovic.   Plaintiff Dep. at 163, Exhibit 12; Hudson Dep. at 40.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

<div align="center">78.</div>

**USPS Statement No. 78:**

The USPS also presented "paperwork" and evidence that demonstrated that Plaintiff worked at the Fairfield Inn on the dates listed in the Second Notice of Removal.   Plaintiff Dep. at

168; <u>see</u> Complaint at Exhibit B.

**Plaintiff's Response:**

Disputed. As the OIG Report showed, some of the dates
included in the Second Notice of Removal were wrong. (Plaintiff
Dep., Ex. 15 at 4-8; Compl., at Ex. A-2).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it
does not directly refute the USPS's fact with a concise response
supported by specific citations to evidence, such that it should
be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered
undisputed.  Fed. R. Civ. P. 56(e)(2).  The Second Notice of
Removal served as the basis for Plaintiff's removal and
Arbitrator Cannavo's Decision.  The OIG Report cited in
Plaintiff's Response is further evidence of certain dates on
which Plaintiff worked at the Fairfield Inn while on paid sick
leave status with the USPS.  Plaintiff has simply misinterpreted
or misrepresented the OIG Report, which cites 22 dates on which
Plaintiff worked at the Fairfield Inn while on sick leave status
or FMLA with the USPS.  Plaintiff Dep. at Exhibit 15, p. 7-8.
Plaintiff was only charged with 14 of these 22 dates in the
Second Notice of Removal.  <u>See</u> Plaintiff Dep. at Exhibit 6.  The
OIG Report, which was presented at arbitration, was supported by
various exhibits, all of which presented documentation that

82

supported each of Plaintiff's 22 offenses listed in the OIG Report.  See Plaintiff Dep. at Exhibit 15.

Based on the foregoing, Paragraph 78 should be deemed admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).  At a minimum, the parties agree and do not dispute that, at arbitration, the USPS presented "paperwork" and evidence that demonstrated that Plaintiff worked at the Fairfield Inn on *some* of the dates listed in the Second Notice of Removal.

79.

**USPS Statement No. 79:**

The Union presented testimony from Plaintiff and former Vice President Brown.  Plaintiff Dep. at Exhibit 12.

**Plaintiff's Response:**

Disputed. Plaintiff did not recall seeing Ralph Brown testify.  (Plaintiff Dep. at 163). Further, the Arbitration Award makes no reference to any testimony provided by Ralph Brown. (Compl., at Ex. B).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence, such that it should be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered undisputed.  Fed. R. Civ. P. 56(e)(2).  Plaintiff's Response is

disingenuous, implying that there is evidence of a genuine dispute of a material fact related to whether the Union presented testimony from former Vice President Brown at the second arbitration hearing.  A review of Plaintiff's deposition testimony, however, reveals that he simply cannot recall one way or the other whether former Vice President Brown testified on his behalf at the second arbitration hearing.  Plaintiff Dep. at 164 ("I can't recall.  I can't recall if he testified or not on my behalf." "I just don't know.  I don't know.").  Thus, Plaintiff's testimony does not in any way refute the fact asserted by the USPS and the documentary evidence of record in support that supports that fact.  Plaintiff Dep. at Exhibit 12.  Based on the foregoing, the Court should consider the fact undisputed for the purpose of the USPS's Motion.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

<p style="text-align:center">80.</p>

**USPS Statement No. 80:**

Advocate Hudson opted not to call character witnesses on Plaintiff's behalf based on his communications with Union Steward Mateo Smith ("Steward Smith"), who was the Union Steward assigned to Pharr Road.  Hudson Dep. at 58-59.  Steward Smith told Advocate Hudson that the charges brought against Plaintiff were true – that Plaintiff, in fact, had been going to Crunch Gym

<p style="text-align:center">84</p>

without clocking out and had been working at the Fairfield Inn while on sick leave status "for quite some time," and that personnel at Pharr Road were aware of this.  Hudson Dep. at 58-59.  Based on this information, Advocate Hudson was concerned that presenting character witnesses from Pharr Road would hurt Plaintiff's case at arbitration.  Hudson Dep. at 59 ("I was concerned that they would more so add more weight on the case itself, not favorable to the grievant.")

**Plaintiff's Response:**

Disputed.  Any alleged statements made by Mateo Smith as to the validity of the charges against Plaintiff had nothing to do with whether or not character witnesses would have been beneficial in Plaintiff's case.  Plaintiff felt character witnesses would be important and requested that Advocate Hudson call character witnesses, including Lavonia Gibson; and Advocate Hudson failed to call. (Hudson Dep. at 68).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not respond to or address the material fact set forth in Paragraph 80 of the USPS's Statement.  LR 56.1(B)(2)(a)(2).  The USPS's contention relates to Advocate Hudson's arbitration strategy, concerns, and reasoning, as well as his communications with Union Steward Mateo Smith in this regard.  Plaintiff's

Response, instead, focuses on Plaintiff's desire to call character witnesses at the second arbitration.  Plaintiff's wishes and desires are not at issue in the material fact set forth in Paragraph 80.  Because Plaintiff has failed to respond to or address the material fact set forth in Paragraph 80 of the USPS's Statement and because he has failed to cite "to particular parts of materials in the record" (Fed. R. Civ. P. 56(c)(1)(A)) that dispute Paragraph 80, the Court may consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

Finally, in response to the Union's Statement of Undisputed Material Facts, Plaintiff admitted that there is no dispute regarding the fact that "Hudson decided not to call character witness after being told by the Union steward at the post office where Walker worked that the charges against Walker were true." Plaintiff cannot now claim otherwise and should be estopped from doing so.

81.

**USPS Statement No. 81:**

While Advocate Hudson did not call character witnesses, per se, at the second arbitration, character evidence was presented. More specifically, on cross examination by Advocate Hudson, Supervisor Walker opined that when Plaintiff was actually at his

terminal and was working, he was a good employee.  Hudson Dep. at
72-73; see Emma Walker Dep. at 14 (opining that when Plaintiff
was at his work station, Supervisor Walker was "pleased with his
performance").

**Plaintiff's Response:**

Disputed.  To suggest that Supervisor Walker somehow served
as a character witness for Plaintiff is absurd.

**USPS Reply:**

The USPS objects to this response as argumentative.  The
USPS further objects to Plaintiff's Response on grounds that it
does not respond to or address the material fact set forth in
Paragraph 81 of the USPS's Statement.  LR 56.1(B)(2)(a)(2).  The
USPS's contention relates to whether "character evidence was
presented" at the second arbitration.  Plaintiff's Response
ignores this fact and instead disputes that Supervisor Walker
"served as a character witness."  The fact asserted by the USPS
does not state that Supervisor Walker was called as a "character
witness."  Instead, it contends that "character evidence was
presented" at arbitration, including testimony by Supervisor
Walker regarding Plaintiff's work.  Because Plaintiff failed to
respond to or address the material fact set forth in Paragraph 81
in its entirety and because Plaintiff cited no "particular parts
of materials in the record" (Fed. R. Civ. P. 56(c)(1)(A)) that

dispute the assertion that "character evidence was presented" at arbitration, the Court may consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

82.

**USPS Statement No. 82:**

In addition, at arbitration, Plaintiff provided testimony about his character and the type of employee he was.  Plaintiff Dep. at 189.  More specifically, Plaintiff testified about his 18 years of good service and the good work he did for the USPS during that time.  Plaintiff Dep. at 189.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

83.

**USPS Statement No. 83:**

Advocate Hudson was aware that Plaintiff had, in fact, worked at the Fairfield Inn while on sick leave status from the USPS in violation of ELM Section 513.312 and as charged in the Second Notice of Removal.  Hudson Dep. at 52, 55.

**Plaintiff's Response:**

Disputed. Advocate Hudson had no personal knowledge or

information as it relates to any of the facts in the case and
relied solely on the evidence provided to him from the previous
Postal Union advocates assigned to Plaintiff's case. (Hudson Dep.
at 26-27).

**USPS Reply:**

Plaintiff's Response and reliance on Advocate Hudson's lack
of "personal knowledge" is unfounded and improper.  Plaintiff
admitted to Advocate Hudson that he worked at the Fairfield Inn
while on sick leave status from the USPS in violation of USPS
policy and as charged in the Second Notice of Removal.  Hudson
Dep. at 55.  More specifically, Advocate Hudson testified:

> Q.   In terms of your understanding of the facts going into
>      arbitration at the point that you took this case over,
>      were you aware that Mr. Walker did, in fact, work a
>      second job while he was on sick leave status from the
>      U.S. Postal Service?
>
> A.   Yes.
>
> Q.   And he informed you of that?
>
> A.   Yes.

Id.  Because this was an admission by a party opponent, it is not
hearsay.  Fed. R. Evid. 801(d)(2).  Consequently, it is
admissible, and Plaintiff has failed to cite to particular parts
of the materials in the record to create a genuine issue of

disputed fact.  The Court should, therefore, consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(c)(1)(A), (e)(2); LR 56.1(B)(2)(a)(2).

<div align="center">84.</div>

**USPS Statement No. 84:**

Because Plaintiff committed all of the offenses charged in the Second Notice of Removal, the only issue at arbitration was one of "mitigation."  Hudson Dep. at 71 ("[Plaintiff stated he did everything that the charges itself said.  The other part was just the mitigation on those.").

**Plaintiff's Response:**

Disputed. There were a number of issues and arguments raised during the arbitration hearing. (Compl., at Ex. B-9 –B-12).

**USPS Reply:**

The USPS admits that it is disputed that "the only issue at arbitration was one of 'mitigation.'" It is undisputed that Plaintiff admitted the offenses charged.  Hudson Dep. at 71; USPS Statement of Fact at ¶ 88, <u>infra</u>.

<div align="center">85.</div>

**USPS Statement No. 85:**

While Plaintiff now complains that character witnesses could have been called at the second arbitration, those witnesses would only have spoken to mitigation – not to the underlying charges

<div align="center">90</div>

against Plaintiff, particularly as Plaintiff admitted Charge #2. Plaintiff Dep. at 212-13 ("the character witnesses would just -- again, had nothing to do with the charges, per se.  They just would help you show that [Plaintiff was] a good employee").

**Plaintiff's Response:**

Disputed. Plaintiff repeatedly asked Advocate Hudson about calling character witnesses on his behalf because Plaintiff felt they were important. Plaintiff's feelings regarding the importance of character witnesses were confirmed by Arbitrator Cannavo. ("Yes. And [Arbitrator Cannavo] also stated that it still would have been essential to have character witnesses on my behalf. That's what came out of his mouth.")(Plaintiff Dep. at 213).

Further, Plaintiff has always denied Charge #2. ("With that being said, going back to the supervisor or management that I was working for, they knew I had a part-time job. I requested light duty. It was denied.) (Plaintiff Dep. at 213).

**USPS Reply:**

Plaintiff's Response wholly fails to address what the character witnesses he sought to call would have testified about and whether they would have – or even could have - spoken to anything other than mitigation.  Furthermore, Plaintiff's assertion that "Plaintiff has always denied Charge #2" is wholly

unfounded and unsupported by the record.  It is undisputed that Plaintiff admitted that he worked at his part-time job at the Fairfield Inn while on paid, sick leave or FMLA status from the USPS on at least some of the dates listed in the Second Notice of Removal.  See Paragraph 87-88, infra; Plaintiff's Dep. at 110, Exhibit 11; Plaintiff Dep. at 171; Union's Statement at ¶¶ 7-9 (undisputed); Plaintiff's Statement at ¶ 13.  Any suggestion to the contrary is not supported by the record.  Because Plaintiff has failed to respond to or address the material fact set forth in Paragraph 85 of the USPS's Statement and because the undisputed evidence supports that material fact, the Court may consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

<div align="center">86.</div>

**USPS Statement No. 86:**

At the second arbitration, the USPS met its burden of proof with respect to proving Charge #2.  Complaint at Exhibit B.

**Plaintiff's Response:**

Disputed. It was the opinion of Arbitrator Cannavo that Defendant Postal Service met its burden of proof. However, Plaintiff now appeals that decision. (See generally, Compl.).

**USPS Reply:**

Because Plaintiff has failed to cite to any evidence in

support of this proposition, the Court may consider the material fact set forth in Paragraph 86 of the USPS's Statement as undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2). Plaintiff has cited only to his Complaint, not to any evidence. See LR 56(B)(1).  While the general rule is that a party is bound by the admissions in his pleadings (Best Canvas, 713 F.2d at 621), that party may not rely upon those admissions as evidence in opposition to summary judgment.  See Fed. R. Civ. Proc. 56(e)(2); LR 56(B)(1).  As set forth in Federal Rule of Civil Procedure 56(e)(2), a party opposing summary judgment "may not rely merely on allegations or denials in its own pleadings," which is exactly what Plaintiff seeks to do here.  Fed. R. Civ. Proc. 56(e)(2); see Dunmar Corp., 43 F.3d at 592 (explaining that mere citation to pleadings is insufficient in opposition to summary judgment motion because purpose of summary judgment "'is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'") (internal citations omitted); Courson, 939 F.2d at 1487 ("Following discovery, the plaintiff opposing summary judgment may not rely on facts in the complaint, but must raise genuine issues of material fact to counter facts supporting the defendant's" contentions on summary judgment); Brown, 906 F.2d at 670 ("When a motion for summary judgment has been made properly, the nonmoving party may not rely

solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial."). Because Plaintiff has failed to cite to any evidence, the Court may consider Paragraph 86 admitted and undisputed.

87.

**USPS Statement No. 87:**

Plaintiff "did not deny working at the hotel while on sick leave" status with the USPS. Complaint at Exhibit B-15; see Plaintiff Dep. at 171.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

88.

**USPS Statement No. 88:**

In fact, when questioned by Arbitrator Cannavo as to whether he had worked at the Fairfield Inn on some or all of the dates charged, Plaintiff admitted that he had. Plaintiff Dep. at 169, 171.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

89.

**USPS Statement No. 89:**

On the dates in question, Plaintiff was on leave from the USPS, was being paid by the USPS for that time, and told the arbitrator such.  Plaintiff Dep. at 170.

**Plaintiff's Response:**

Disputed.  The "dates in question" is an ambiguous term and there is dispute as to what those dates are. (Plaintiff Dep., Ex. 15 at 4-8; See also Compl., at Ex.-2).

**USPS Reply:**

The USPS and Plaintiff agree that, at a minimum, on at least some of the dates set forth in the Second Notice of Removal, "Plaintiff was on leave from the USPS, was being paid by the USPS for that time, and told the arbitrator such."  See Plaintiff's Response to Paragraph 89; Paragraph 87-88, supra; Plaintiff's Dep. at Exhibit 11; Plaintiff Dep. at 171; Union's Statement at ¶¶ 7-9 (undisputed); Plaintiff's Statement at ¶ 13.

90.

**USPS Statement No. 90:**

At the second arbitration, while Plaintiff admitted working

at the Fairfield Inn while on sick leave with the USPS, he
claimed he was not aware that USPS policy prohibited this.
Plaintiff Dep. at 170, 171.

**Plaintiff's Response:**

    Undisputed.

**USPS Reply:**

    Undisputed.

<div align="center">91.</div>

**USPS Statement No. 91:**

    Despite this claim, Plaintiff knew that the USPS had rules
and regulations that he was required to follow.  Plaintiff Dep.
at 250-51.

**Plaintiff's Response:**

    Disputed. Plaintiff was not aware of the rules and
regulations regarding working a second job while out on sick
leave. (Plaintiff Dep. at 170).

**USPS Reply:**

    The USPS objects to Plaintiff's Response on grounds that it
does not respond to or address the material fact set forth in
Paragraph 91 of the USPS's Statement.  The USPS's contention
relates to whether Plaintiff was generally aware that the USPS
had rules and regulations that he was required to follow as an

employee of the USPS.  Because Plaintiff has failed to respond to
or address the material fact set forth in Paragraph 91 of the
USPS's Statement, the Court may consider the fact admitted and
undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56(B)(2)(a)(1).

<div align="center">92.</div>

**USPS Statement No. 92:**

Plaintiff was aware that he was charged with complying with
the ELM as an employee of the USPS.  Plaintiff Dep. at 264.

**Plaintiff's Response:**

Disputed. Plaintiff was not aware of all of the contents of
the ELM. (Plaintiff Dep. at 170).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it
does not respond to or address the material fact set forth in
Paragraph 92 of the USPS's Statement.  LR 56(B)(2)(a)(1).  The
USPS's contention relates to whether Plaintiff was aware of the
charges brought against him – not whether he was familiar with
the ELM and all of its contents.  Because Plaintiff has failed to
respond to or address the material fact set forth in Paragraph 91
of the USPS's Statement and because Plaintiff failed to cite "to
particular parts of materials in the record" to create a
"genuinely disputed" fact, the Court may consider the fact
admitted and undisputed.  Fed. R. Civ. P. 56(c)(1)(A), (e)(2);

<u>see</u> LR 56(B)(2)(a)(1).

<div align="center">93.</div>

**USPS Statement No. 93:**

Plaintiff's supervisors did not at any time give him permission to work a second job while on leave from the USPS. Plaintiff Dep. at 176, 268.

**Plaintiff's Response:**

Disputed. Plaintiff's supervisors were all aware that Plaintiff worked a second job. ("All the managers knew I had a part time job")(Plaintiff Dep. at 50). At the time of his injury, Plaintiff requested light duty work and was told there was none available. ("[Ron Manson] said there was no light-duty work. Come back when you are able to – when you're 100 percent."). As a result, Plaintiff simply continued to work the same part time job that he had always worked, until he was able to return to full duty. (Plaintiff Dep. at 170). Plaintiff believed he had actual and/or tacit approval to continue working his second job. (Compl. at ¶¶ 35-40).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not respond to or address the material fact set forth in Paragraph 93 of the USPS's Statement.  LR 56(B)(2)(a)(1).  The USPS's contention relates to whether Plaintiff's supervisors

granted Plaintiff permission to work a second job while on sick leave status from the USPS, not his supervisors' general awareness of Plaintiff's having a second job.   Because Plaintiff has failed to respond to or address the material fact set forth in Paragraph 93 of the USPS's Statement, the Court may consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56(B)(2)(a)(1).

The USPS further objects on grounds that the only sentence of Plaintiff's Response that addresses whether his supervisor's at any time gave him permission to work a second job while on leave from the USPS - the last sentence of Plaintiff's Response – cites to no evidence.  Instead, Plaintiff cites solely to his Complaint.  As set forth in Federal Rule of Civil Procedure 56(e)(2), a party opposing summary judgment "may not rely merely on allegations or denials in its own pleadings" (Fed. R. Civ. Proc. 56(e)(2); see LR 56(B)(1)), which is exactly what Plaintiff seeks to do here.  Fed. R. Civ. Proc. 56(e)(2); Fed. R. Civ. Proc. 56(e)(2); see Dunmar Corp., 43 F.3d at 592 (explaining that mere citation to pleadings is insufficient in opposition to summary judgment motion because purpose of summary judgment "'is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'") (internal citations omitted); Courson, 939 F.2d at 1487 ("Following discovery, the

plaintiff opposing summary judgment may not rely on facts in the complaint, but must raise genuine issues of material fact to counter facts supporting the defendant's" contentions on summary judgment); <u>Brown</u>, 906 F.2d at 670 ("When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial."). Because Plaintiff has failed to cite "to particular parts of materials in the record" to create a "genuinely disputed" fact, the Court may consider Paragraph 93 admitted and undisputed. Fed. R. Civ. P. 56(c)(1)(A), (e)(2); <u>see</u> LR 56(B)(2)(a)(1).

<div align="center">94.</div>

**USPS Statement No. 94:**

Plaintiff is aware he violated the ELM and USPS policy. Plaintiff Dep. at 278-79.

**Plaintiff's Response:**

Disputed. (Plaintiff Dep. at 170).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not respond to or address the material fact set forth in Paragraph 94 of the USPS's Statement. LR 56(B)(2)(a)(1). The

USPS's contention relates to whether Plaintiff "is" currently aware that he violated the ELM and USPS policy, not whether he claims to have been aware of that fact at the time that he committed the charges at issue.  Because Plaintiff has failed to respond to the material fact set forth in Paragraph 94 of the USPS's Statement and because Plaintiff failed to cite "to particular parts of materials in the record" to create a "genuinely disputed" fact, the Court may consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(c)(1)(A), (e)(2); see LR 56(B)(2)(a)(1).

<div align="center">95.</div>

**USPS Statement No. 95:**

Arbitrator Cannavo concluded that, because Plaintiff was a long-term employee of the USPS, "it is reasonable to conclude" that Plaintiff had notice of the prohibition against employees working at another job while on sick leave status.  In further support of this conclusion, Arbitrator Cannavo considered the fact that, if, as Plaintiff claims, he "truly be believed that he could be on sick leave and work another job, he would have told Management what he was doing.  The fact that he did not indicates that he knew this was wrong."  Complaint at Exhibit B-16.

**Plaintiff's Response:**

Disputed.  Plaintiff stated that he was unaware of the sick

<div align="center">101</div>

leave policy. (Plaintiff Dep. at 170).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not respond to or address the material fact set forth in Paragraph 95 of the USPS's Statement.  LR 56(B)(2)(a)(1).  The USPS's contention relates to Arbitrator Cannavo's conclusions and the underlying reasons for those conclusions.  While Plaintiff may take issue with Arbitrator Cannavo's conclusions, Plaintiff's contentions with those conclusions are irrelevant to this inquiry and fact asserted.  Plaintiff failed to cite "to particular parts of materials in the record" to create a "genuinely disputed" fact.  Fed. R. Civ. P. 56(c)(1)(A).  In light of this and because Plaintiff has failed to respond to or address the material fact set forth in Paragraph 95 of the USPS's Statement, the Court may consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56(B)(2)(a)(1).

<div align="center">96.</div>

**USPS Statement No. 96:**

Arbitrator Cannavo credited the testimony of Supervisor Walker, who testified at arbitration that "she made several open and notorious efforts to get the [Plaintiff] to stop using Postal time to work at his second job."  Complaint at Exhibit B-16.

**Plaintiff's Response:**

Disputed. Arbitrator Cannavo relied on erroneous information and statements of fact made by the Postal Service that went unchallenged by the Advocate Hudson. (Plaintiff Dep., Ex. 15 at 4-8; Compared to, Compl., at Ex. A-2 and Compl. at Ex. B-15).

**USPS Reply:**

The USPS objects to this response as argumentative.  The USPS further objects to Plaintiff's Response on grounds that it does not respond to or address the material fact set forth in Paragraph 95 of the USPS's Statement.  The USPS's contention relates to whether Arbitrator Cannavo credited Supervisor Walker's testimony – not the underlying validity of that testimony.  While Plaintiff may think Supervisor Walker's testimony was not credible, the underlying credibility and veracity of that testimony is irrelevant to the fact asserted. Plaintiff failed to cite to "to particular parts of materials in the record" to create a "genuinely disputed" fact.  Fed. R. Civ. P. 56(c)(1)(A).  In light of this and because Plaintiff failed to respond to or address the material fact set forth in Paragraph 95 of the USPS's Statement, the Court may consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56(B)(2)(a)(1).

97.

**USPS Statement No. 97:**

For example, in April 2005, when Plaintiff was on sick leave

status with the USPS based on a burn he received from an ice
pack, Supervisor Walker specifically warned Plaintiff that he was
prohibited from working a second job while on sick leave status.
Plaintiff Dep. at 62, 254.  Despite this warning, records
demonstrate that Plaintiff worked at the Fairfield Inn on April
15, 2006 while on paid sick leave status with the USPS.
Complaint at Exhibit A-2 and B-16.

**Plaintiff's Response:**

Disputed. Defendant Postal Service has completely
mischaracterized the evidence in this case. While Plaintiff's
burn injury and Supervisor Walker's supposed "warning" to
Plaintiff occurred in 2006 (Plaintiff Dep. at 60-61), all of the
dates that the OIG Report claimed that Plaintiff worked his
second job while out on sick leave occurred in 2005.  (Plaintiff
Dep., Ex. 15 at 4).

**USPS Reply:**

The USPS objects to this response as argumentative.  The
USPS further objects to Plaintiff's Response on grounds that it
does not directly refute the USPS's fact with a concise response
supported by specific citations to evidence, such that it should
be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered
undisputed. Fed. R. Civ. P. 56(e)(2).  Plaintiff misinterprets
or misrepresents the OIG Report, such that the evidence cited by

Plaintiff does not support the fact he asserts in an effort to disproves the truth of the fact asserted by the USPS in Paragraph 97.  The OIG Report cites 22 dates on which Plaintiff worked at the Fairfield Inn while Plaintiff was on sick leave or FMLA with the USPS, nine of which were in 2006.  Plaintiff Dep. at Exhibit 15 at p. 7-8.  Plaintiff was only charged with 14 of the 22 dates in the Second Notice of Removal.  See Plaintiff Dep. at Exhibit 6.  Further, with regard to April 15, 2006, Exhibit 4 of the OIG Report contains Plaintiff's clock rings, which show that Plaintiff took 8 hours of "sick leave - regular," and, as set forth in the OIG Report, Plaintiff worked at the Fairfield Inn for 2.9 of those 8 hours.  Plaintiff Dep. at Exhibit 15, p. 7. Thus, the record is devoid of evidence that shows Plaintiff did not work at the Fairfield Inn while on paid sick leave status with the USPS on April 15, 2006 as charged.

Because the evidence cited by Plaintiff does not refute the USPS's fact with a concise response supported by specific citations to evidence that are sufficient to call into question the fact asserted, Paragraph 97 should be deemed admitted (LR 56.1(B)(2)(a)(2)) and considered admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56(B)(2)(a)(1).

<div align="center">98.</div>

**USPS Statement No. 98:**

Supervisor Walker's testimony at arbitration was unrebutted.
Complaint at Exhibit B-16 ("Thus, if the [Plaintiff] truly did
not have prior notice of the prohibition against working a second
job while on sick leave, he certainly had sufficient notice to
correct the situation, given Supervisor Walker's credible and
unrebutted testimony.").

**Plaintiff's Response:**

Disputed. Supervisor Walker's testimony was far from
credible and misleading in every way. Supervisor Walker did not
start working with Plaintiff at the Pharr Road location until
2006. (Emma Walker Dep. at 13). The so-called "warning" that
Supervisor Walker gave Plaintiff occurred in 2006. (Plaintiff
Dep. at 60-61). However, according to the OIG Report, all of the
dates that Plaintiff is accused of working his second job while
out on sick leave were in 2005. (Plaintiff Dep., Ex. 15 at 4).
Further, Supervisor Walker admitted that her sole basis for any
information that Plaintiff worked his second job while out of
sick leave came "from the investigation report." (Emma Walker
Dep. at 27). Accordingly, any testimony that Supervisor Walker
gave that she "warned" Plaintiff about working his second job
while out on sick leave, and that Plaintiff ignored her warning,
is patently false!

Lastly, as to the dates in 2005 when Plaintiff was accused

in the OIG Report of working his second job while out on sick leave, Supervisor Walker admitted "I have no knowledge of that." (Emma Walker Dep. at 29).

For his part, Advocate Hudson allowed Supervisor Walker's patently false and highly prejudicial information to go unrebutted during the arbitration hearing. (Compl., at Ex. B-16).

**USPS Reply:**

The USPS objects to this response as argumentative.  The USPS further objects to Plaintiff's Response on grounds that Plaintiff has not directly refuted the USPS's fact with a concise response that is supported by specific citations to evidence.  LR 56.1(B)(2)(a)(2).  While Plaintiff takes issues with the credibility of Supervisor Walker's testimony, his Response wholly fails to address the fact asserted - whether Supervisor Walker's testimony was unrebutted.  The Court should, therefore, deem the fact admitted (LR 56.1(B)(2)(a)(2)) and consider it undisputed. Fed. R. Civ. P. 56(e)(2).

The USPS also objects to Plaintiff's Response on grounds that the evidence cited does not stand for the proposition Plaintiff contends.  Plaintiff has misinterpreted and misrepresented the findings set forth in OIG Report, which cites 22 dates on which Plaintiff worked at the Fairfield Inn while Plaintiff was on sick leave or FMLA with the USPS, nine of which

107

were in 2006.  Plaintiff Dep. at Exhibit 15, p. 7-8.  Plaintiff

was only charged with 14 of these 22 dates in the Second Notice

of Removal.  Compare id. with Plaintiff Dep. at Exhibit 6.

Because the evidence cited by Plaintiff does not refute the

USPS's fact with a concise response supported by specific

citations to evidence that are sufficient to call into question

the fact asserted, Paragraph 97 should be deemed admitted (LR

56.1(B)(2)(a)(2)) and considered undisputed.  Fed. R. Civ. P.

56(e)(2).

<center>99.</center>

**USPS Statement No. 99:**

Arbitrator Cannavo issued a final ruling affirming the USPS

decision to remove Plaintiff.  Complaint at ¶ 29, Exhibit B.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

<center>100.</center>

**USPS Statement No. 100:**

More specifically, Arbitrator Cannavo found that the

evidence with respect to Charge #1 was insufficient to sustain

the Notice of Removal, but that the USPS met its burden of proof

with respect to Charge #2.  Complaint at ¶ 29.

<center>108</center>

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

101.

**USPS Statement No. 101:**

Because Arbitrator Cannavo found that the evidence with respect to Charge #1 was insufficient to sustain the Notice of Removal, Arbitrator Cannavo did not rely on Charge #1 in denying Plaintiff's grievance.  Complaint at B-14-B-19; Plaintiff Dep. at 204-05.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

102.

**USPS Statement No. 102:**

While Plaintiff now complains about the Union's failure to obtain Point of Sale ("POS") reports, the POS reports would speak only to Charge #1, which Arbitrator Cannavo did not rely upon in sustaining the Second Notice of Removal.  Complaint at B-14-B-19; Second Notice of Removal; Hudson Dep. at 54.  The POS report would not speak to or have any bearing on Charge #2, particularly as Plaintiff admitted the allegations set forth in Charge #2. Plaintiff Dep. at 277; Hudson Dep. at 54.

**Plaintiff's Response:**

Disputed. Plaintiff did not admit to the allegations set forth in Charge #2. (See generally, Compl.)

**USPS Reply:**

The USPS objects on grounds that Plaintiff's Response cites to no evidence.  Instead, Plaintiff cites solely to his Complaint.  As set forth in Federal Rule of Civil Procedure 56(e)(2), a party opposing summary judgment "may not rely merely on allegations or denials in its own pleadings" (Fed. R. Civ. Proc. 56(e)(2); see LR 56(B)(1)), which is exactly what Plaintiff seeks to do here.  Fed. R. Civ. Proc. 56(e)(2); see Dunmar Corp., 43 F.3d at 592 (explaining that mere citation to pleadings is insufficient in opposition to summary judgment motion because purpose of summary judgment "'is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'") (internal citations omitted); Courson, 939 F.2d at 1487 ("Following discovery, the plaintiff opposing summary judgment may not rely on facts in the complaint, but must raise genuine issues of material fact to counter facts supporting the defendant's" contentions on summary judgment); Brown, 906 F.2d at 670 ("When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and

admissions must show that there are specific facts demonstrating that there is a genuine issue for trial."). Because Plaintiff has failed to cite to any evidence, the Court may consider Paragraph 102 undisputed.

The USPS further objects to Plaintiff's Response on grounds that it does not respond to or address the material fact set forth in Paragraph 102 of the USPS's Statement regarding the POS Reports and the relevance of those Reports. Because Plaintiff failed to respond to or address the material fact set forth in Paragraph 102 of the USPS's Statement, the Court may consider the fact undisputed for the purpose of the USPS's Motion for Summary Judgment. Fed. R. Civ. P. 56(e)(2).

Finally, Plaintiff cannot dispute the fact asserted in Paragraph 102 based on Paragraph 94 of the Union's Statement, as it is "undisputed" that "The POS reports would have only been helpful as to Charge 1 (working out at Crunch Gym on 14 occasions while still clocked in at the Postal Service), but not Charge 2. (Walker Dep. 204-205, 277; Hudson Dep. 50, 54-55; Compl., at 14-19)." Union's Statement at ¶ 94 (undisputed).

103.

**USPS Statement No. 103:**

Moreover, while Arbitrator Cannavo found there was insufficient evidence regarding Charge #1, Plaintiff admits that

112

he left work to work out at Crunch Gym without clocking out from
the USPS.  Plaintiff Dep. at 259-60.  Plaintiff "assumed" his
supervisors were aware he was doing this, though he never
discussed it with his supervisors or obtained permission to do
so.  Plaintiff Dep. at 259.  Further, Plaintiff was aware that
USPS policy required employees to clock in and clock out when
they left the building.  Plaintiff Dep. at 260.

**Plaintiff's Response:**

Disputed. The allegations contained in Charge #1 were
dismissed by Arbitrator Cannavo. (Compl., at Ex. B-14-15). Also,
there was never any "proof that it was Mr. Walker who swiped his
card at crunch gym and not someone else using his card on all
dates." (Plaintiff Dep., Ex. 7 at 4).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it
does not respond to or address the material fact set forth in
Paragraph 103 of the USPS's Statement.  Plaintiff's Response
completely ignores and fails to respond to the undisputed facts
that (1) Plaintiff admits he left work to work out at Crunch Gym
without clocking out from the USPS, and (2) Plaintiff was aware
USPS policy required employees to clock in and clock out when he
left the building.  Because Plaintiff failed to respond to or
address the material fact set forth in Paragraph 103 of the

113

USPS's Statement, the Court may deem the fact admitted and consider it undisputed for the purpose of the USPS's Motion for Summary Judgment.  Fed. R. Civ. P. 56(e)(2); LR 56(B)(2)(a)(1).

<div align="center">104.</div>

**USPS Statement No. 104:**

Based on the foregoing admissions, there was ample evidence to support the USPS burden of proof with respect to Charge #1.

**Plaintiff's Response:**

Disputed. The allegations contained in Charge #1 were dismissed by Arbitrator Cannavo. (Compl. at Ex. B-14-15). Also, there was never any "proof that it was Mr. Walker who swiped his card at crunch gym and not someone else using his card on all dates." (Plaintiff Dep., Ex. 7 at 4).

**USPS Reply:**

As set forth above in the USPS's Reply to Paragraph 103 of its Statement, the USPS objects to Plaintiff's Response on grounds that it does not respond to or address the material fact set forth in Paragraph 104 of the USPS's Statement.  As with Plaintiff's Response to Paragraph 103, his Response to Paragraph 104 ignores and fails to respond to the undisputed fact that Plaintiff admits he left work to work out at Crunch Gym without clocking out from the USPS, that Plaintiff knew USPS policy required employees to clock in and clock out when he left the

<div align="center">114</div>

building, and that this therefore would have been sufficient, good cause evidence and proof to meet the USPS's burden for terminating Plaintiff.  Because Plaintiff failed to respond to or address the material fact set forth in Paragraph 104 of the USPS's Statement, the Court may consider the fact undisputed for the purpose of the USPS's Motion for Summary Judgment.  Fed. R. Civ. P. 56(e)(2); <u>see</u> LR 56(B)(2)(a)(1).

<p style="text-align:center">105.</p>

**USPS Statement No. 105:**

In support of his arbitration decision, Arbitrator Cannavo cited several cases that support the proposition that the USPS properly removed Plaintiff for working a second job while on sick leave status.  Complaint at Exhibit B-17-B-18.

**Plaintiff's Response:**

Disputed.  Plaintiff was not properly removed by the Postal Service.  (<u>See generally</u>, Compl.)

**USPS Reply:**

The USPS objects on grounds that Plaintiff's Response cites to no evidence.  Instead, Plaintiff cites solely to Plaintiff's Complaint without citing to any evidence whatsoever.  As set forth in Federal Rule of Civil Procedure 56(e)(2), a party opposing summary judgment "may not rely merely on allegations or denials in its own pleadings" (Fed. R. Civ. Proc. 56(e)(2); <u>see</u>

<p style="text-align:center">115</p>

LR 56(B)(1)), which is exactly what Plaintiff seeks to do here. Fed. R. Civ. Proc. 56(e)(2); see Dunmar Corp., 43 F.3d at 592 (explaining that mere citation to pleadings is insufficient in opposition to summary judgment motion because purpose of summary judgment "'is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'") (internal citations omitted); Courson, 939 F.2d at 1487 ("Following discovery, the plaintiff opposing summary judgment may not rely on facts in the complaint, but must raise genuine issues of material fact to counter facts supporting the defendant's" contentions on summary judgment); Brown, 906 F.2d at 670 ("When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating that there is a genuine issue for trial."). Because Plaintiff has failed to cite to any evidence, the Court may consider Paragraph 105 undisputed. LR 56(B)(2)(a)(1).

106.

**USPS Statement No. 106:**

These cases support the proposition that, under the applicable CBA, the USPS need not provide progressive discipline to an employee who fraudulently requests and takes sick leave and

then subsequently works a second job.  Complaint at B-17-B-18.

**Plaintiff's Response:**

Disputed. There has never been any allegation that Plaintiff was not seriously injured or that he "fraudulently" requested sick leave, and therefore the cases are wholly distinguishable. Moreover, this paragraph does not contain statements of facts but rather conclusions of law.

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not respond to or address the material fact set forth in Paragraph 106 of the USPS's Statement.  The USPS's contention relates to the cases cited by Arbitrator Cannavo and the proposition that those cases support.  Plaintiff's Response wholly fails to address this, and, instead, Plaintiff's contentions are irrelevant to the fact asserted.  Moreover, Plaintiff failed to cite "to particular parts of materials in the record" to create a "genuinely disputed" fact. Fed. R. Civ. P. 56(c)(1)(A).

Finally, in response to Plaintiff's contention that there was no allegation that Plaintiff acted "fraudulently," the USPS notes as an initial matter that only one of the cases cited by Arbitrator Cannavo discusses fraudulent actions.  (Case No. FOIN-4F-D 040065949).  The other cases make no mention of

fraudulent activity, such that in addition to being irrelevant to the underlying fact asserted, Plaintiff's Response is also not supported by the evidence and a review of those decisions cited by Arbitrator Cannavo.  Further, Case No. FOIN-4F-D 040065949 makes clear that requesting sick leave from the USPS and then working at a second job while on sick, in it of itself, is fraudulent, and this is exactly what Plaintiff did in this case.

Because Plaintiff has failed to respond to or address the material fact set forth in Paragraph 106 of the USPS's Statement by citing to evidence to call the fact into dispute and because Plaintiff's Response is irrelevant and inaccurate, the Court may consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56(B)(2)(a)(1).

<div align="center">107.</div>

**USPS Statement No. 107:**

These cases also support the assertion that an employee's length of service is not a mitigating factor in such a situation. Complaint at B-17-B-18.

**Plaintiff's Response:**

Disputed. This paragraph does not contain statements of facts but rather conclusions of law.

**USPS Reply:**

Disputed.

<div align="center">118</div>

108.

**USPS Statement No. 108:**

Following the second arbitration, Plaintiff never complained to Advocate Hudson that he did not like something Advocate Hudson did at arbitration.  Plaintiff Dep. at 178.  Nor did Plaintiff talk to Advocate Hudson about something else Advocate Hudson could have done.  Plaintiff Dep. at 179.

**Plaintiff's Response:**

Disputed. Plaintiff was unhappy with the job Advocate Hudson was doing and had questions about his preparation and strategy for the arbitration hearing. (Plaintiff Dep. at 182-186, 189-191).

**USPS Reply:**

The USPS objects to this response as argumentative.  The USPS further objects to Plaintiff's Response on grounds that it does not respond to or address the material fact set forth in Paragraph 108 of the USPS's Statement.  LR 56(B)(2)(a)(1).  The USPS's contention relates to whether Plaintiff ever complained to or spoke with Advocate Hudson about something Advocate Hudson did at arbitration or about something else Advocate Hudson could have done.  Plaintiff's Response ignores the contention set forth in Paragraph 108 and, instead, focuses on Plaintiff's feelings and internal thought processes - not communications with Advocate

Hudson.  Because Plaintiff failed to respond to or address the
material fact set forth in Paragraph 108 of the USPS's Statement,
the Court may consider the fact admitted and undisputed.  Fed. R.
Civ. P. 56(e)(2); LR 56(B)(2)(a)(1).

<div align="center">109.</div>

**USPS Statement No. 109:**

At the second arbitration, Advocate Hudson seemed to know
what he was doing.  Plaintiff Dep. at 187.

**Plaintiff's Response:**

Disputed. Plaintiff was unhappy with the job Advocate Hudson
was doing and had questions about his preparation and strategy
for the arbitration hearing. (Plaintiff Dep. at 182-186, 189-
191). Further, Advocate Hudson failed to closely examine the
documents offered at the arbitration hearing, including the OIG
report which clearly never stated that Plaintiff worked his
second job while out on sick leave on April 15, 2006. (Plaintiff
Dep., Ex. 9 at 4). Advocate Hudson failed to challenge Ms.
Walker's patently false testimony that went unrebutted at the
arbitration hearing. (Compl., at Ex. B-16).

**USPS Reply:**

The USPS objects to this response as argumentative.  The
USPS further objects to Plaintiff's Response on grounds that it
does not respond to or address the material fact set forth in

<div align="center">120</div>

Paragraph 109 of the USPS's Statement.  LR 56(B)(2)(a)(1).  The
USPS's contention relates to whether Advocate Hudson seemed to
know what he was doing at the second arbitration.  In contrast,
Plaintiff's Response focuses on whether Plaintiff was "happy"
with Arbitrator Hudson or had "questions about his preparation
and strategy."  This is not synonymous with whether Advocate
Hudson seemed to know what he was doing at the second arbitration
- a fact that Plaintiff admitted at his deposition (Plaintiff
Dep. at 187) and that there is no evidence to dispute.

    In addition, while Plaintiff's Response contends that (1)
Advocate Hudson failed to closely examine the documents offered
at the arbitration hearing, including the OIG report, and (2)
Advocate Hudson failed to challenge Ms. Walker's patently false
testimony, neither of these contentions are supported by anything
in the record, including the documents cited by Plaintiff.  LR
56.1(B)(2)(a)(2) (explaining citations must support fact
asserted).  There is no transcript of the arbitration hearing,
and there is no testimony or evidence whatsoever to support the
assertions that Advocate Hudson did not examine documents or
challenge Supervisor Walker's testimony on cross examination.
That Arbitrator Cannavo found Supervisor Walker's testimony
credible does not, and cannot, lead to the conclusion that
Supervisor Walker was never cross examined, particularly as it is

undisputed that "[a]t the Second Arbitration Hearing, Hudson cross-examined the Postal Service's witnesses."  Union's Statement of Material Facts at ¶ 77 (undisputed).  Thus, the undisputed evidence of record shows that Advocate Hudson did cross examine Supervisor Walker.  Id; Hudson Dep. at 62.

Moreover, Plaintiff simply misinterprets or misrepresents the OIG Report, such that the evidence cited by Plaintiff does not support the fact he asserts in an effort to disproves the truth of the fact asserted by the USPS in Paragraph 109.  The OIG Report cites 22 dates on which Plaintiff worked at the Fairfield Inn while he was either on sick leave status or FMLA with the USPS.  Plaintiff Dep. at Exhibit 15 at p. 7-8.  Nine of these were in 2006, including April 15, 2006.  Plaintiff was only charged with 14 of these 22 dates in the Second Notice of Removal.  See Plaintiff Dep. at Exhibit 6.  Further, Exhibit 4 of the OIG Report contains Plaintiff's clock rings, which show that Plaintiff took 8 hours of "sick leave - regular," and he worked at the Fairfield Inn for 2.9 of those 8 hours.  Plaintiff Dep. at Exhibit 15, p. 7.  Thus, contrary to Plaintiff's suggestion, the OIG Report supports the assertion that Plaintiff worked at the Fairfield Inn while on paid, sick leave or FMLA with the USPS on April 15, 2006.  Id.

Thus, the contentions set forth in Plaintiff's Response,

122

therefore, are both irrelevant and unsupported by any evidence of record.  See Fed. R. Civ. P. 56(c)(1)(A).  Because Plaintiff failed to respond to or address the material fact set forth in Paragraph 109 of the USPS's Statement and because Plaintiff failed to cite to "particular parts of materials in the record" that show this fact "is genuinely disputed" (Fed. R. Civ. Proc. 56(c)(1)), the Court may consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56(B)(2)(a)(1).

<div align="center">110.</div>

**USPS Statement No. 110:**

Plaintiff wanted the ultimate outcome from arbitration to be different and wanted to return to work at the USPS (Plaintiff Dep. at 177), and he thought he was going to get his job back. Plaintiff Dep. at 223-24.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

<div align="center">111.</div>

**USPS Statement No. 111:**

Plaintiff's opinion regarding the Union's performance is based on the outcome – not the efforts taken by the Union, the arguments asserted, or the underlying grievance process.

<div align="center">123</div>

Plaintiff Dep. at 177.  Had the outcome been different and Plaintiff been permitted to return to work, the Union and Advocate Hudson "would have done a wonderful job; if I'm not back to work, then I guess not."  Plaintiff Dep. at 177; see also Plaintiff Dep. at 279-80 ("if the outcome had been different and the arbitrator had found otherwise," it is "fair to say" that Plaintiff would have been pleased with the Union).

**Plaintiff's Response:**

Disputed. Plaintiff was unhappy with the job Advocate Hudson was doing and had questions about his preparation and strategy for the arbitration hearing. (Plaintiff Dep. at 182-186, 189-191).

**USPS Reply:**

The USPS objects to this response as argumentative.  The USPS further objects to Plaintiff's Response on grounds that it does not respond to or address the material fact set forth in Paragraph 111.  LR 56(B)(2)(a)(1).  That Plaintiff was, or is, "unhappy" with the outcome of arbitrator is not the issue set forth in Paragraph 111.  Plaintiff's Response ignores Plaintiff's own admissions – admissions he is bound by - and the actual fact the USPS contends is undisputed and instead attempts to set forth Plaintiff's general feelings and displeasure.  Such a Response fails to comply with the Federal Rules of Civil Procedure and

124

Local Rules and is insufficient to call the fact set forth into
dispute.  Because Plaintiff failed to respond to or address the
material fact set forth in Paragraph 111 of the USPS's Statement
and because Plaintiff failed to cite to "particular parts of
materials in the record" that show this fact "is genuinely
disputed" (Fed. R. Civ. Proc. 56(c)(1)), the Court may deem the
fact admitted (LR 56.1(B)(2)(a)(2)) and consider the fact
undisputed.  Fed. R. Civ. P. 56(e)(2).

<div align="center">112.</div>

**USPS Statement No. 112:**

The sole basis for Plaintiff's claim that the Union in any
way acted dishonestly is that Plaintiff was led to believe he had
a chance of winning his grievance and that he might return to
work.  Plaintiff Dep. at 224-25, 228.

**Plaintiff's Response:**

Disputed. Plaintiff was unhappy with the job Advocate Hudson
was doing and had questions about his preparation and strategy
for the arbitration hearing. (Plaintiff Dep. at 182-186, 189-
191).

**USPS Reply:**

The USPS objects to this response as argumentative.  The
USPS further objects to Plaintiff's Response on grounds that it
does not respond to or address the material fact set forth in

Paragraph 112.  LR 56(B)(2)(a)(1).  The USPS's contention relates specifically to the "basis for Plaintiff's claim that the Union in any way acted dishonestly."  In contrast, Plaintiff's Response relates to his level of happiness with Advocate Hudson and questions Plaintiff had about Advocate Hudson's " preparation and strategy for the arbitration hearing."  These are irrelevant to the question of how the purported basis of any claim that the Union in any way acted dishonestly.  This is illustrated by Plaintiff's deposition testimony and the fact that, when specifically asked the Union did that was dishonest, Plaintiff did not mention those things discussed in Plaintiff's Response.  Plaintiff Dep. at 224-25, 228.  Because Plaintiff failed to respond to or address the material fact set forth in Paragraph 112 of the USPS's Statement and because Plaintiff failed to cite to "particular parts of materials in the record" that show this fact "is genuinely disputed" (Fed. R. Civ. Proc. 56(c)(1)), the Court may deem the fact admitted (LR 56.1(B)(2)(a)(2)) and consider the fact undisputed.  Fed. R. Civ. P. 56(e)(2).

<div align="center">113.</div>

**USPS Statement No. 113:**

While the Union did not succeed in getting Plaintiff back to work at the USPS, they did work hard to get Plaintiff his job back.  Plaintiff Dep. at 229.

**Plaintiff's Response:**

Disputed. Advocate Hudson put forth a "last minute effort." (Plaintiff Dep. at 185). Advocate Hudson admitted to working only "several" hours on the case. (Hudson Dep. at 21). Advocate Hudson relied exclusively on evidence already gathered by the other advocates during the first arbitration hearing. (Hudson Dep. at 31-33). Advocate Hudson failed to closely examine the documents offered at the arbitration hearing, including the OIG report which clearly never stated that Plaintiff worked his second job while out on sick leave on April 15, 2006. (Plaintiff Dep., Ex. 15 at 4). Advocate Hudson failed to challenge Supervisor Walker's patently false testimony that went unrebutted at the arbitration hearing. (Compl., at Ex. B-16).

**USPS Reply:**

The USPS objects to this response as argumentative.  The USPS further objects to Plaintiff's Response on grounds that it does not respond to or directly address the material fact set forth in Paragraph 113 so as to call the fact asserted into genuine dispute.  LR 56(B)(2)(a)(1).  At his deposition, Plaintiff was specifically asked, "But they worked to get your -- they worked to get your job back?."  In response, Plaintiff agreed, stating "Oh, they worked.  Yeah.  They worked."  In addition, as set forth in Paragraph 33 above, it is undisputed

that "Union Rep. Hunter actively worked on Plaintiff's behalf."
Based on Plaintiff's various admissions regarding the Union
generally and Union Rep. Hunter, Plaintiff should be prohibited
from now contending otherwise, as doing so would ignore
Plaintiff's admissions, which he is bound to.  Thus, despite the
arguments set forth in Plaintiff's Response - the veracity of
which the USPS disputes and is not responding to herein - the
uncontroverted and undisputed evidence of record is that,
overall, the Union did work hard to get Plaintiff his job back.
Based on the foregoing, the fact should be deemed admitted (LR
56.1(B)(2)(a)(2)), and the Court should consider the fact
undisputed for the purpose of the USPS's Motion.  Fed. R. Civ. P.
56(e)(2).

<div align="center">114.</div>

**USPS Statement No. 114:**

The sole basis for Plaintiff's claim that the Union acted in
bad faith is the Union's failure to obtain Plaintiff's POS
reports.  Plaintiff Dep. at 225.

**Plaintiff's Response:**

Disputed. The fact that the Postal Union put forth Advocate
Hudson, who was ill-prepared and provided little or no defense to
the charges against Plaintiff, was an act of bad faith. (See
generally, Compl.)

<div align="center">128</div>

**USPS Reply:**

The USPS objects to this response as argumentative. The USPS further objects on grounds that Plaintiff's Response cites to no evidence. Instead, Plaintiff cites solely to his Complaint without citing to any evidence whatsoever. As set forth in Federal Rule of Civil Procedure 56(e)(2), a party opposing summary judgment "may not rely merely on allegations or denials in its own pleadings" (Fed. R. Civ. Proc. 56(e)(2); see LR 56(B)(1)), which is exactly what Plaintiff seeks to do here. Fed. R. Civ. Proc. 56(e)(2); see Dunmar Corp., 43 F.3d at 592 (explaining that mere citation to pleadings is insufficient in opposition to summary judgment motion because purpose of summary judgment "'is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'") (internal citations omitted); Courson, 939 F.2d at 1487 ("Following discovery, the plaintiff opposing summary judgment may not rely on facts in the complaint, but must raise genuine issues of material fact to counter facts supporting the defendant's" contentions on summary judgment); Brown, 906 F.2d at 670 ("When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are specific facts demonstrating

that there is a genuine issue for trial."). Because Plaintiff
has failed to cite to any evidence, the Court may consider
Paragraph 114 undisputed. Fed. R. Civ. P. 56(c)(1)(A), (e)(2);
LR 56(B)(2)(a)(1).

<div align="center">115.</div>

**USPS Statement No. 115:**

As set forth above, the POS reports relate solely to Charge
#1, which Arbitrator Cannavo did not rely on in denying
Plaintiff's grievance. Complaint at B-14-B-19; Plaintiff Dep. at
204-05. The POS reports would not in any way disprove the
allegations set forth in Charge #2 – charges admitted by
Plaintiff – which formed the basis of Arbitrator Cannavo's
decision to uphold Plaintiff's termination. Plaintiff Dep. at
277.

**Plaintiff's Response:**

Disputed. Plaintiff never admitted the Charge #2 charges.
(See generally, Compl.).

**USPS Reply:**

The USPS objects on grounds that Plaintiff's Response cites
to no evidence. Instead, Plaintiff cites solely to his Complaint
without citing to any evidence whatsoever. As set forth in
Federal Rule of Civil Procedure 56(e)(2), a party opposing
summary judgment "may not rely merely on allegations or denials

<div align="center">130</div>

in its own pleadings" (Fed. R. Civ. Proc. 56(e)(2); <u>see</u> LR
56(B)(1)), which is exactly what Plaintiff seeks to do here.
Fed. R. Civ. Proc. 56(e)(2);   <u>see</u> <u>Dunmar Corp.</u>, 43 F.3d at 592
(explaining that mere citation to pleadings is insufficient in
opposition to summary judgment motion because purpose of summary
judgment "'is to pierce the pleadings and to assess the proof in
order to see whether there is a genuine need for trial.'")
(internal citations omitted); <u>Courson</u>, 939 F.2d at 1487
("Following discovery, the plaintiff opposing summary judgment
may not rely on facts in the complaint, but must raise genuine
issues of material fact to counter facts supporting the
defendant's" contentions on summary judgment); <u>Brown</u>, 906 F.2d at
670 ("When a motion for summary judgment has been made properly,
the nonmoving party may not rely solely on the pleadings, but by
affidavits, depositions, answers to interrogatories, and
admissions must show that there are specific facts demonstrating
that there is a genuine issue for trial."). Because Plaintiff
has failed to cite to any evidence, the Court may consider
Paragraph 115 undisputed.

The USPS further objects to Plaintiff's Response on grounds
that it does not respond to or address the material fact set
forth in Paragraph 115 of the USPS's Statement regarding the POS
Reports and the relevance of those Reports.  Because Plaintiff

failed to respond to or address the material fact set forth in Paragraph 115 of the USPS's Statement, the Court may consider the fact undisputed for the purpose of the USPS's Motion for Summary Judgment. Fed. R. Civ. P. 56(e)(2).

Finally, the USPS refers the Court to Paragraph 94 of the Union's Statement, which is "undisputed," and which reads "The POS reports would have only been helpful as to Charge 1 (working out at Crunch Gym on 14 occasions while still clocked in at the Postal Service), but not Charge 2. (Walker Dep. 204-205, 277; Hudson Dep. 50, 54-55; Compl., at 14-19)."  Union's Statement of Material Fact at ¶ 94 (undisputed).

Based on the foregoing, the fact should be deemed admitted (LR 56.1(B)(2)(a)(2)), and the Court should consider the fact undisputed for the purpose of the USPS's Motion.  Fed. R. Civ. P. 56(e)(2).

116.

**USPS Statement No. 116:**

No one from the Union at any time discriminated against Plaintiff in any way.  Plaintiff Dep. at 228, 230.

**Plaintiff's Response:**

Disputed. Plaintiff feels it is possible that dues paying Postal Union members got preferential treatment over non-dues paying Postal Union members. Further, the Postal Union objected

to discovery on this issue, so it is still in dispute. (Defendant Postal Union's Response to Plaintiff's First Set of Interrogatories at ¶ 15). Lastly, most advocates would be unaware of whether an employee was a dues paying member of the Postal Union. (" am, but most are not" aware of whether the person being representing is a dues paying member.) (Hudson Dep. at 45). Yet, Advocate Hudson had special knowledge and a vested interest on the matter, because as he proudly proclaimed, "I'm secretary-treasurer. Membership comes through me." (Hudson Dep. at 46).

**USPS Reply:**

The USPS objects to the extent Plaintiff's Response relies on documents that are not part of the records and that are not before the Court.  As an initial matter, while a party opposing summary judgment may point to a party's responses to interrogatories to show specific facts that demonstrate a genuine issue to be tried (<u>Brown</u>, 906 F.2d at 670), the Union's Responses to Plaintiff's Interrogatories have not been filed with the Court and are not part of the record.  <u>See</u> Fed. R. Civ. Proc. 56(c)(1) (stating that "party asserting a fact cannot be or is genuinely disputed <u>must</u> support the assertion by: (A) citing to particular parts of materials <u>in the record</u>..."); LR 56.1(C) (The parties must file as exhibits to their briefs the originals of any affidavits relied upon in their motion and response papers, and

copies of those excerpts of depositions or other discovery materials that are referenced therein."). Consequently, because the Union's Interrogatory Responses have not been filed with the Court and are not part of the records, the Court may not consider them for the purpose of the USPS's Motion for Summary Judgment.

In addition, the record is devoid of any evidence to support the proposition that the Union discriminated against Plaintiff. In fact, a review of the evidence reveals exactly the opposite – that the Union at no time discriminated against Plaintiff. At Plaintiff's deposition, Plaintiff was specifically ask to explain the various bases for the claims set forth in his Complaint. He was asked:

Q.    So did anyone discriminate against you, Mr. Walker?

A.    Not from the Postal Union.

Plaintiff Dep. at 228.

Based on this admission, the lack of evidence to the contrary, and Plaintiff's failure to cite to "particular parts of materials in the record" that show this fact "is genuinely disputed" (Fed. R. Civ. Proc. 56(c)(1)), the fact should be deemed admitted (LR 56.1(B)(2)(a)(2)), and the Court should consider the fact undisputed for the purpose of the USPS's Motion. Fed. R. Civ. P. 56(e)(2).

117.

**USPS Statement No. 117:**

In representing and advocating on Plaintiff's behalf as a
Union representative, Union Rep. Hunter at all times "did a good
job" and proceeded zealously on Plaintiff's behalf.  Plaintiff
Dep. at 223.

**Plaintiff's Response:**

Disputed. Among other things, Advocate Hudson put for a
"last minute effort." (Plaintiff Dep. at 185). Advocate Hudson
admitted to working only "several" hours on the case. (Hudson
Dep. at 21). Advocate Hudson relied exclusively on evidence
already gathered by the advocates during the first arbitration
hearing. (Hudson Dep. at 31-33). Advocate Hudson failed to
closely examine the documents offered at the arbitration hearing,
including the OIG report which clearly never stated that
Plaintiff worked his second job while out on sick leave on April
15, 2006. (Plaintiff Dep., Ex. 15 at 4). Advocate Hudson failed
to challenge Supervisor Walker's patently false testimony that
went unrebutted at the arbitration hearing. (Compl., at Ex. B-
16). Advocate Hudson did not call any character witnesses.
Advocate Hudson did not interview or call as witnesses any of
Plaintiff's supervisors, including Ron Manson. (Hudson Dep. 25-
26).

135

**USPS Reply:**

The USPS objects to this response as argumentative.  The USPS further objects to Plaintiff's Response on grounds that it does not respond to or address the material fact set forth in Paragraph 117 of the USPS's Statement.  LR 56.1(B)(2)(a)(2). Paragraph 117 of the USPS's Statement relates to Union Rep. Hunter, not Advocate Hudson.  It contends that Union Rep. Hunter at all times "did a good job" and proceeded zealously on Plaintiff's behalf – a fact Plaintiff admitted at his deposition. Plaintiff Dep. at 223.  Plaintiff's Response fails event to mention Union Rep. Hunter.  Because Plaintiff failed to respond to or address the material fact set forth in Paragraph 117 of the USPS's Statement, the Court may consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(e)(2);  LR 56.1(B)(2)(a)(2).

<div align="center">118.</div>

**USPS Statement No. 118:**

In representing and advocating on Plaintiff's behalf as a Union representative, Advocate Hudson "did all he could do." Plaintiff Dep. at 223.

**Plaintiff's Response:**

Disputed. Among other things, Advocate Hudson put for a "last minute effort." (Plaintiff Dep. at 185). Advocate Hudson admitted to working only "several" hours on the case. (Hudson

<div align="center">136</div>

Dep. at 21). Advocate Hudson relied exclusively on evidence already gathered by the other advocates during the first arbitration hearing. (Hudson Dep. at 27, 31-33). Advocate Hudson failed to closely examine the documents offered at the arbitration hearing, including the OIG report which clearly never stated that Plaintiff worked his second job while out on sick leave on April 15, 2006. (Plaintiff Dep., Ex. 15 at 4). Advocate Hudson failed to challenge Supervisor Walker's patently false testimony that went unrebutted at the arbitration hearing. (Compl., at Ex. B-16). Advocate Hudson did not call any character witnesses. Advocate Hudson did not interview or call as witnesses any of Plaintiff's supervisors, including and most importantly Ron Manson. (Hudson Dep. at 25-26). Advocate Hudson could have requested a brief at the end of the arbitration hearing, instead of an oral argument. By his own account, "it would have game me time to truly think about all the different pros and cons of the case." (Hudson Dep. at 70).

**USPS Reply:**

The USPS objects to this response as argumentative.  It is undisputed that Plaintiff testified that Advocate Hudson "did all he could do."  Plaintiff Dep. at 223.  For Plaintiff to suggest otherwise ignores his own admissions.

<div align="center">119.</div>

**USPS Statement No. 119:**

In representing Plaintiff on behalf of the Union, Advocate Hudson at all times acted in good faith.  Hudson Dep. at 59-60.

**Plaintiff's Response:**

Disputed. Early on in his handling of the case, Advocate Hudson contacted Mateo Smith, who was the steward at the Pharr Road Store. Mr. Smith told Advocate Hudson that the charges against Plaintiff were true and Advocate Hudson believed him. (Hudson Dep. 65-67). As a result, Advocate Hudson was already prejudiced against Plaintiff and failed to put forth a thorough defense of Plaintiff, all in bad faith.  Further, the lack of effort put forth by Advocate Hudson, as already outlined above, is in indication of Advocate Hudson's bad faith.

**USPS Reply:**

The USPS objects to this response as argumentative.  The USPS further objects to Plaintiff's Response on grounds that it does not directly refute the USPS's fact with a concise response supported by specific citations to evidence.  Fed. R. Civ. P. 56(c)(1)(A); LR 56.1(B)(2)(a)(2).  While Plaintiff has cited to the deposition of Advocate Hudson at 65-67 related to his communication with Union Steward Smith, Plaintiff fails to state how, if at all, this telephone call is evidence that Advocate Hudson at any time failed to act in good faith.  That Plaintiff

138

may not like what Union Steward Smith reportedly told Advocate
Hudson is one thing, but the fact that Advocate Hudson made a
phone call in an effort to try and find further support for
Plaintiff's case cannot be said to have been in bad faith.
Because Plaintiff failed to cite to any evidence in support of
the proposition that Advocate Hudson did not at all times act in
good faith, the Court may consider the material fact set forth in
Paragraph 120 of the USPS's Statement as admitted and undisputed.
Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

<div align="center">120.</div>

**USPS Statement No. 120:**

In representing Plaintiff on behalf of the Union, Advocate
Hudson did not at any time act in a discriminatory manner.
Hudson Dep. at 60.

**Plaintiff's Response:**

Disputed. Plaintiff feels it is possible that dues paying
Postal Union members got preferential treatment over non-dues
paying Postal Union members. Further, the Postal Union objected
to discovery on this issue, so it is still in dispute. (Defendant
Postal Union's Response to Plaintiff's First Set of
Interrogatories at ¶ 15). Lastly, most advocates would be unaware
of whether an employee was a dues paying member of the Postal
Union. ("I am, but most are not" aware of whether the person

<div align="center">139</div>

being representing is a dues paying member.) (Hudson Dep. at 45).
Yet, Advocate Hudson had special knowledge and a vested interest
on the matter, because as he proudly proclaimed, "I'm secretary-
treasurer. Membership comes through me." (Hudson Dep. at 46).

Additionally, early on in his handling of the case, Advocate
Hudson contacted Mateo Smith, who was the steward at the Pharr
Road Store. Mr. Smith told Advocate Hudson that the charges
against Plaintiff were true and Advocate Hudson believed him.
(Hudson Dep. 65-67). As a result, Advocate Hudson was already
prejudiced against Plaintiff and failed to put forth a thorough
defense of Plaintiff, as already outlined above.

**USPS Reply:**

The USPS objects to the extent Plaintiff's Response relies
on documents that are not part of the records and that are not
before the Court.  Fed. R. Civ. P. 56(c)(1)(A); LR
56.1(B)(2)(a)(2).  As an initial matter, while a party opposing
summary judgment may point to a party's responses to
interrogatories to show specific facts that demonstrate a genuine
issue to be tried (Brown, 906 F.2d at 670), the Union's Responses
to Plaintiff's Interrogatories have not been filed with the Court
and are not part of the record.  See Fed. R. Civ. Proc. 56(c)(1)
(stating that "party asserting a fact cannot be or is genuinely
disputed must support the assertion by: (A) citing to particular

parts of materials in the record...”); LR 56.1(C) (The parties must file as exhibits to their briefs the originals of any affidavits relied upon in their motion and response papers, and copies of those excerpts of depositions or other discovery materials that are referenced therein.”).  Consequently, because the Union’s Interrogatory Responses have not been filed with the Court and are not part of the records, the Court may not consider them for the purpose of the USPS’s Motion for Summary Judgment.

In addition, the record is devoid of any evidence to support the proposition that Advocate Hudson at any time discriminated against Plaintiff.  At Plaintiff’s deposition, Plaintiff was specifically asked:

Q.   So did anyone discriminate against you, Mr. Walker?

A.   Not from the Postal Union.

Plaintiff Dep. at 228.  Moreover, Advocate Hudson testified that he did not at any time act in a discriminatory manner.  Hudson Dep. at 60.  To the extent Plaintiff has cited to evidence that is actually in the record, none of it supports the contention that Advocate Hudson discriminated against Plaintiff.  LR 56.1(B)(2)(a)(2).  This is supported by the fact that while Plaintiff’s Response contends that “Advocate Hudson was already prejudiced against Plaintiff” because of the information communicated by Union Steward Smith, Plaintiff failed to cite to

141

any authority to support this contention.  See LR
56.1(B)(2)(a)(2); Plaintiff's Response to Paragraph 120.

Because Plaintiff failed to cite to "particular parts of
materials in the record" that show this fact "is genuinely
disputed" (Fed. R. Civ. Proc. 56(c)(1)), the fact should be
deemed admitted (LR 56.1(B)(2)(a)(2)), and the Court should
consider the fact undisputed for the purpose of the USPS's
Motion.  Fed. R. Civ. P. 56(e)(2).

121.

**USPS Statement No. 121:**

In representing Plaintiff on behalf of the Union, Advocate
Hudson did not at any time act in a perfunctory manner.  Hudson
Dep. at 60.

**Plaintiff's Response:**

Disputed. Early on in his handling of the case, Advocate
Hudson contacted Mateo Smith, who was the steward at the Pharr
Road Store. Mr. Smith told Advocate Hudson that the charges
against Plaintiff were true and Advocate Hudson believed him.
(Hudson Dep. at 65-67). As a result, Advocate Hudson was already
prejudiced against Plaintiff and failed to put forth a thorough
defense of Plaintiff.

Advocate Hudson put for a "last minute effort." (Plaintiff
Dep. at 185). Advocate Hudson admitted to working only "several"

142

hours on the case. (Hudson Dep. at 21). Advocate Hudson relied exclusively on evidence already gathered by the other advocates during the first arbitration hearing. (Hudson Dep. at 31-33). Advocate Hudson failed to closely examine the documents offered at the arbitration hearing, including the OIG report which clearly never stated that Plaintiff worked his second job while out on sick leave on April 15, 2006. (Plaintiff Dep., Ex. 15 at 4). Advocate Hudson failed to challenge Supervisor Walker's patently false testimony that went unrebutted at the arbitration hearing. (Compl., at Ex. B-16).  Advocate Hudson could have but failed to request a brief at the end of the arbitration hearing, instead of an oral argument. By his own account, "it would have gave me time to truly think about all the different pros and cons of the case." (Hudson Dep. at 70).

All of the foregoing demonstrates the perfunctory and arbitrary manner in which Advocate Hudson handled Plaintiff's case.

**USPS Reply:**

The USPS objects to this response as argumentative.  The USPS further objects to Plaintiff's Response on grounds that it does not support the assertion that there is a "genuinely disputed" fact. Fed. R. Civ. P. 56(c)(1)(A).  The record is devoid of any evidence to support the proposition that Advocate

Hudson acted in a perfunctory manner, and the undisputed evidence supports the proposition that he did not.  Hudson Dep. at 60. While Plaintiff's Response complains about and makes conclusory allegations about various strategic choices or judgments made by Advocate Hudson, his Response fails to point to evidence behavior and conduct that rises to the level of perfunctory.[2]  At his deposition, Plaintiff was specifically asked:

> Q.   Did you at any time act in a perfunctory manner?

> A.   No.

Hudson Dep. p. 60, ln. 3-8.  Plaintiff cannot now claim otherwise.  Plaintiff's Response fails to suggest otherwise or cite to "particular parts of materials in the record" that show this fact "is genuinely disputed."  Fed. R. Civ. Proc. 56(c)(1). The Court should therefore consider the fact contended in

---

[2] With regard to Plaintiff's claim that Advocate Hudson failed to closely examine the OIG report, which, Plaintiff claims, never stated that Plaintiff worked his second job while out on sick leave on April 15, 2006, the USPS notes that Plaintiff has misrepresented or misinterpreted the OIG Report, such that the evidence cited by Plaintiff does not support the fact he asserts.  The OIG Report cites 22 dates on which Plaintiff worked at the Fairfield Inn while he was either on sick leave status or FMLA with the USPS, including April 15, 2006. Plaintiff Dep. at Exhibit 15, p. 7-8.  Further, Exhibit 4 of the OIG Report contains Plaintiff's clock rings, which show Plaintiff took 8 hours of "sick leave - regular," and he worked at the Fairfield Inn for 2.9 of the 8 hours.  Id. at p. 7.  Thus, contrary to Plaintiff's suggestion, the OIG Report supports the proposition that Plaintiff worked at the Fairfield Inn while on paid, sick leave or FMLA with the USPS on April 15, 2006.  Id.

Paragraph 121 admitted and  undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

<div align="center">122.</div>

**USPS Statement No. 122:**

The Union at all times provided Plaintiff with fair representation, advocating on his behalf at each step in the grievance process related to both the First Notice of Removal and Second Notice of Removal.  <u>See generally</u>, Plaintiff Dep.

**Plaintiff's Response:**

Disputed. Plaintiff was unhappy with the job Advocate Hudson was doing and had questions about his preparation and strategy for the arbitration hearing. (Plaintiff Dep. at 182-186, 189-191).

**USPS Reply:**

The USPS objects to Plaintiff's Response on grounds that it does not support the assertion that there is a "genuinely disputed" fact.  Fed. R. Civ. P. 56(c)(1)(A).  The record is devoid of any evidence to support the proposition that the Union did not provide Plaintiff with fair representation.  Instead of "citing to particular parts of materials in the record" (Fed. R. Civ. P. 56(c)(1)(A)) that support Plaintiff's assertion that the Union acted arbitrarily, in a discriminating manner, or in bad faith, Plaintiff's Response states simply that Plaintiff was

<div align="center">145</div>

"unhappy with the job Advocate Hudson was doing and had questions about his preparation and strategy for the arbitration hearing." Being "unhappy" or having "questions" about "preparation and strategy" for arbitration does not amount to conduct that is arbitrary, discriminatory, or done in bad faith.

Because Plaintiff's Response fails to cite to "particular parts of materials in the record" that show this fact "is genuinely disputed" (Fed. R. Civ. Proc. 56(c)(1)), the Court should consider the fact set forth in Paragraph 122 admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

<div align="center">123.</div>

**USPS Statement No. 123:**

The USPS treated its investigation of Plaintiff and the charges brought against him "[A]bout the same" as other cases – not more or less harshly.  Hudson Dep. at 47.

**Plaintiff's Response:**

Disputed. The Postal Union has objected to discovery on this issue and it remains in dispute. (Defendant Postal Union's Response to Plaintiff's First Set of Interrogatories at ¶¶ 11-16).

**USPS Reply:**

The USPS objects to Plaintiff's Response because it fails to cite to any evidence before the Court.  Fed. R. Civ. P.

56(c)(1)(A); LR 56.1(B)(2)(a)(2).  As an initial matter, while a party opposing summary judgment may point to a party's responses to interrogatories to show specific facts that demonstrate a genuine issue to be tried (Brown, 906 F.2d at 670), the USPS's responses to Plaintiff's interrogatory requests have not been filed with the Court and are not part of the record.  See Fed. R. Civ. Proc. 56(c)(1) (stating that "party asserting a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record..."); LR 56.1(C) (The parties must file as exhibits to their briefs the originals of any affidavits relied upon in their motion and response papers, and copies of those excerpts of depositions or other discovery materials that are referenced therein.").  Consequently, because the USPS's interrogatory responses have not been filed with the Court and are not part of the records, the Court may not consider them for the purpose of the USPS's Motion for Summary Judgment.

In summary, because Plaintiff has failed to cite to any evidence of record, the Court may consider the material fact set forth in Paragraph 123 of the USPS's Statement as admitted and undisputed.  Fed. R. Civ. P. 56(c)(1), (e)(2); LR 56.1(B)(2)(a)(2).

124.

**USPS Statement No. 124:**

While the USPS has a policy of employing "progressive discipline," certain offenses are terminable.  Plaintiff Dep. at 274; Hudson Dep. at 57.

**Plaintiff's Response:**

Undisputed.

**USPS Reply:**

Undisputed.

125.

**USPS Statement No. 125:**

The USPS considers theft to be a terminable offense where progressive discipline is not used.  Hudson Dep. at 57.

**Plaintiff's Response:**

Disputed. Advocate Hudson is not the proper witness to proclaim Postal Service policy and was only speaking from his limited personal experience. (Hudson Dep. at 57).

**USPS Reply:**

The USPS objects to Plaintiff's Response because it fails to cite to any evidence to dispute the material fact set forth in Paragraph No. 125.  Fed. R. Civ. P. 56(c)(1), (e)(2); LR 56.1(B)(2)(a)(2).  As an initial matter, Advocate Hudson's deposition does not refer to any "limited" experience.  <u>See</u>

148

Hudson Dep. at 57.

More importantly, however, to the extent Plaintiff sought to assert that the USPS does not consider "theft to be a terminable offense where progressive discipline is not used," Plaintiff was required to cite to "particular parts of materials in the record" that show this fact "is genuinely disputed." Fed. R. Civ. Proc. 56(c)(1). Plaintiff has failed to do so, and the Court may therefore consider Paragraph 125 admitted and undisputed. Fed. R. Civ. Proc. 56(e)(2); LR 56.1(B)(2)(a)(2).

126.

**USPS Statement No. 126:**

In the USPS, all cases that relate to "stealing time" or "theft" generally go straight to removal and termination. Hudson Dep. at 49-50. Further, stealing, theft, lying, and dishonesty are all terminable offenses. Plaintiff Dep. at 274-75.

**Plaintiff's Response:**

Disputed. Advocate Hudson is not the proper witness to proclaim Postal Service policy and was only speaking from his limited personal experience. (Hudson Dep. at 57).

**USPS Reply:**

The USPS objects to Plaintiff's Response because it fails to cite to any evidence to dispute the material fact set forth in Paragraph No. 126. Fed. R. Civ. P. 56(c)(1), (e)(2); LR

56.1(B)(2)(a)(2).  As an initial matter, Advocate Hudson's deposition does not refer to any "limited" experience.  <u>See</u> Hudson Dep. at 57.

More importantly, however, to the extent Plaintiff sought to assert that all cases that relate to "'stealing time'" or "'theft'" "generally go straight to removal and termination," Plaintiff was required to cite to "particular parts of materials in the record" that show this fact "is genuinely disputed."  Fed. R. Civ. Proc. 56(c)(1).  Plaintiff has failed to do so, and the Court may therefore consider it undisputed.  Fed. R. Civ. Proc. 56(e)(2).

Moreover, Plaintiff has wholly failed to respond to the second sentence of Paragraph 126, which states:  "Further, stealing, theft, lying, and dishonesty are all terminable offenses.  Plaintiff Dep. at 274-75."  Because Plaintiff failed to respond to or address the second sentence of Paragraph 126 of the USPS's Statement, the Court may consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(e)(2); LR 56.1(B)(2)(a)(2).

<div align="center">127.</div>

**USPS Statement No. :**

Both Charge #1 and Charge #2 in the Second Notice of Removal are considered "theft," such that termination would be the consequence generally imposed by the USPS.  Hudson Dep. at 57.

<div align="center">150</div>

**Plaintiff's Response:**

Disputed. Advocate Hudson is not the proper witness to proclaim Postal Service policy and was only speaking from his limited personal experience. (Hudson Dep. at 57).

**USPS Reply:**

The USPS objects to Plaintiff's Response because it fails to cite to any evidence to dispute the material fact set forth in Paragraph 127. Fed. R. Civ. P. 56(c)(1), (e)(2); LR 56.1(B)(2)(a)(2). As an initial matter, Advocate Hudson's deposition does not refer to any "limited" experience. See Hudson Dep. at 57.

To the extent Plaintiff sought to dispute that "Charge #1 and Charge #2 in the Second Notice of Removal are considered 'theft,' such that termination would be the consequence generally imposed by the USPS," Plaintiff was required to cite to "particular parts of materials in the record" that show this fact "is genuinely disputed." Fed. R. Civ. Proc. 56(c)(1). Plaintiff has failed to do so, and the Court may therefore consider it admitted and undisputed. Fed. R. Civ. Proc. 56(e)(2); see LR 56.1(B)(2)(a)(2).

Finally, Plaintiff should not be permitted to dispute that "Charge #1 and Charge #2 in the Second Notice of Removal are considered 'theft'" based on Paragraph 99 of the Union's

Statement, wherein Plaintiff admits that it is "undisputed" that "[t]he offenses in Charge 1 and Charge 2 of the Second Notice of Removal were both considered "theft." (Hudson Dep. 57)." Union's Statement at ¶ 99 (undisputed).

<div align="center">128.</div>

**USPS Statement No. 128:**

Other cases demonstrate that under the CBA, the USPS need not provide progressive discipline to an employee who requests and takes sick leave from the USPS and then subsequently works a second job. Complaint at B-17-B-18 (citing Cases No. FOIN-4F-D 090465949, KOOC-4K--D 06110539, and JQOC-IJ-D06002165).

**Plaintiff's Response:**

Disputed. This is not a statement of fact but rather a conclusion of law to which no response should be necessary.

**USPS Reply:**

Disputed.

<div align="center">129.</div>

**USPS Statement No. 129:**

Other cases demonstrate that where an employee impermissibly works a second job while on paid sick leave status with the USPS, that employee's length of service is not a mitigating factor in such a situation. Complaint at B-17-B-18 (citing Cases No. FOIN-4F-D 090465949, KOOC-4K--D 06110539, and JQOC-IJ-D06002165).

<div align="center">152</div>

**Plaintiff's Response:**

Disputed. This is not a statement of fact but rather a conclusion of law to which no response should be necessary.

**USPS Reply:**

Disputed.

130.

**USPS Statement No. 130:**

The USPS's removal action against Plaintiff on the basis of his working a second job while on sick leave status with the USPS was taken for just cause under the terms of the applicable Collective Bargaining Agreement.  Complaint at Exhibit B; Norcross Dec. at ¶ 6.

**Plaintiff's Response:**

Disputed. As the Postal Union contended, "the action taken [was] punitive, malicious, vindictive, unwarranted, exercises a double standard, not for just cause, as well as arbitrary and capricious." (Plaintiff Dep., Ex. 7 at 3).

**USPS Reply:**

The USPS objects to the evidence cited in Plaintiff's Response to Paragraph 130 on grounds that it is hearsay.  Fed. R. Evid. 802; LR 56.1(B).  The USPS further objects to Plaintiff's Response on grounds that argument by a Union advocate is not "evidence" that can speak to the truth of the matter asserted or

153

that can prove or disprove the fact asserted in Paragraph 130.
Because Plaintiff failed to cite to any admissible evidence or
materials in the record that call the fact set forth in Paragraph
130 into genuine dispute, the Court should consider the fact
admitted and undisputed.  Fed. R. Civ. P. 56(c)(1)(A), (e)(2); LR
56.1(B)(2)(a)(2).

<div align="center">131.</div>

**USPS Statement No. 131:**

As it relates to Charge #2 of Plaintiff's Second Notice of
Removal, the USPS at all times complied with the terms of the
applicable Collective Bargaining Agreement.  Norcross Dec. at ¶
6.

**Plaintiff's Response:**

Disputed. As the Postal Union contended, the action taken by
the Postal Service was "punitive, malicious, vindictive,
unwarranted, exercises a double standard, not for just cause, as
well as arbitrary and capricious." (Plaintiff Dep., Ex. 7 at 3).
Further, the Second Notice of Removal was "structurally and
procedurally defective." (*Id.*).

**USPS Reply:**

The USPS objects to the evidence cited in Plaintiff's
Response to Paragraph 130 on grounds that it is hearsay.  Fed. R.
Evid. 802; <u>see</u> LR 56.1(B).  The USPS further objects to

<div align="center">154</div>

Plaintiff's Response on grounds that argument by a Union advocate is not "evidence" that can speak to the truth of the matter asserted or that can prove or disprove the fact asserted in Paragraph 131.  Because Plaintiff failed to cite to any admissible evidence or materials in the record that call the fact set forth in Paragraph 131 into genuine dispute, the Court should consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(c)(1)(A), (e)(2); LR 56.1(B)(2)(a)(2).

<div align="center">132.</div>

**USPS Statement No. 132:**

With regard to the Second Notice of Removal, the USPS at all times complied with Article 15, Grievance-Arbitration Procedure, of the Collective Bargaining Agreement.  Norcross Dec. at ¶ 7.

**Plaintiff's Response:**

Disputed. As the Postal Union contended, the action taken by the Postal Service was "punitive, malicious, vindictive, unwarranted, exercises a double standard, not for just cause, as well as arbitrary and capricious." (Plaintiff Dep., Ex. 7 at 3). Further, the Second Notice of Removal was "structurally and procedurally defective." (*Id.*).

**USPS Reply:**

The USPS objects to the evidence cited in Plaintiff's Response to Paragraph 132 on grounds that it is hearsay.  Fed. R.

<div align="center">155</div>

Evid. 802; <u>see</u> LR 56.1(B).  The USPS further objects to
Plaintiff's Response on grounds that argument by a Union advocate
is not "evidence" that can speak to the truth of the matter
asserted or that can prove or disprove the fact asserted in
Paragraph 132.

Moreover, Article 15 of the CBA describes the grievance and
arbitration procedure.  Thus, the fact asserted in Paragraph 132
relates to whether Article 15 and all steps of the grievance
process were complied with, not whether the underlying action
taken by the USPS was for just case.  The Union, on Plaintiff's
behalf, indisputably fought Plaintiff's grievance through the
multi-step grievance-arbitration procedure set forth in Article
15 of the CBA.  <u>See</u> undisputed Paragraphs 29, 48, 49, 50, 52, 53,
54, 55, 56, 57, 58, 63, <u>supra</u>; <u>see also</u> Norcross Dec. at ¶ 7-8.
This fact is indisputable – as evidenced by Plaintiff's various
admissions above - and Plaintiff has not (and cannot) pointed to
any evidence of record to call this fact into dispute.

Because Plaintiff failed to cite to any admissible evidence
or materials in the record that call the fact set forth in
Paragraph 132 into genuine dispute, the Court should consider the
fact admitted and undisputed.  Fed. R. Civ. P. 56(c)(1)(A),
(e)(2); LR 56.1(B)(2)(a)(2).

133.

**USPS Statement No. 133:**

The USPS, acting through its representatives, acted in good faith observance of the principles and procedures set forth in Article 15, Grievance-Arbitration Procedure, of the Collective Bargaining Agreement.   Norcross Dec. at ¶ 8.

**Plaintiff's Response:**

Disputed. As the Postal Union contended, the action taken by the Postal Service was "punitive, malicious, vindictive, unwarranted, exercises a double standard, not for just cause, as well as arbitrary and capricious." (Plaintiff Dep., Ex. 7 at 3). Further, the Second Notice of Removal was "structurally and procedurally defective." (*Id.*).

**USPS Reply:**

The USPS objects to the evidence cited in Plaintiff's Response to Paragraph 133 on grounds that it is hearsay.   Fed. R. Evid. 802; <u>see</u> LR 56.1(B).   The USPS further objects to Plaintiff's Response on grounds that argument by a Union advocate is not "evidence" that can speak to the truth of the matter asserted or that can prove or disprove the fact asserted in Paragraph 133.

Moreover, Article 15 of the CBA describes the grievance and arbitration procedure.   Thus, the fact asserted in Paragraph 133

relates to whether the principles and procedures set forth in Article 15 were complied with, not whether the underlying action taken by the USPS was for just case.  The Union, on Plaintiff's behalf, indisputably fought Plaintiff's grievance through the multi-step grievance-arbitration procedure set forth in Article 15 of the CBA, thereby complying with the principles and procedures set forth in Article 15.  See undisputed Paragraphs 29, 48, 49, 50, 52, 53, 54, 55, 56, 57, 58, 63, supra; see also Norcross Dec. at ¶ 7-8.  This fact is indisputable – as evidenced by Plaintiff's various admissions above – and Plaintiff has not (and cannot) pointed to any evidence of record to call this fact into dispute.

Because Plaintiff failed to cite to any admissible evidence or materials in the record that call the fact set forth in Paragraph 132 into genuine dispute, the Court should consider the fact admitted and undisputed.  Fed. R. Civ. P. 56(c)(1)(A), (e)(2); LR 56.1(B)(2)(a)(2).

134.

**USPS Statement No. 134:**

The USPS, acting through its representatives, at all times complied with Article 16, Discipline Procedures, of the Collective Bargaining Agreement.  Norcross Dec. at ¶ 9.

158

**Plaintiff's Response:**

Disputed. As the Postal Union contended, the action taken by the Postal Service was "punitive, malicious, vindictive, unwarranted, exercises a double standard, not for just cause, as well as arbitrary and capricious." (Plaintiff Dep., Ex. 7 at 3). Further, the Second Notice of Removal was "structurally and procedurally defective." (*Id.*).

**USPS Reply:**

The USPS objects to the evidence cited in Plaintiff's Response to Paragraph 134 on grounds that it is hearsay. Fed. R. Evid. 802; <u>see</u> LR 56.1(B). The USPS further objects to Plaintiff's Response on grounds that argument by a Union advocate is not "evidence" that can speak to the truth of the matter asserted or that can prove or disprove the fact asserted in Paragraph 134. Because Plaintiff failed to cite to any admissible evidence or materials in the record that call the fact set forth in Paragraph 134 into genuine dispute, and because the undisputed evidence of record supports the contention set forth in Paragraph 134, the Court should consider the fact admitted and undisputed. Fed. R. Civ. P. 56(c)(1)(A), (e)(2); LR 56.1(B)(2)(a)(2).

135.

**USPS Statement No. 135:**

The USPS's action removing Plaintiff on the basis of the finding that he was working a second job while on sick leave status with the USPS as set forth in Charge #2 of the Second Notice of Removal was taken for just cause under the terms of the CBA.  Complaint at Exhibit B; Norcross Dec. at ¶ 10.

**Plaintiff's Response:**

Disputed. As the Postal Union contended, the action taken by the Postal Service was "punitive, malicious, vindictive, unwarranted, exercises a double standard, not for just cause, as well as arbitrary and capricious."  (Plaintiff Dep., Ex. 7 at 3).  Further, the Second Notice of Removal was "structurally and procedurally defective." (<u>Id.</u>).

**USPS Reply:**

The USPS objects to the evidence cited in Plaintiff's Response to Paragraph 135 on grounds that it is hearsay.  Fed. R. Evid. 802; <u>see</u> LR 56.1(B).  The USPS further objects to Plaintiff's Response on grounds that argument by a Union advocate is not "evidence" that can speak to the truth of the matter asserted or that can prove or disprove the fact asserted in Paragraph 135.  Because Plaintiff failed to cite to any admissible evidence or materials in the record that call the fact

160

set forth in Paragraph 135 into genuine dispute, and because the
undisputed evidence of record supports the contention set forth
in Paragraph 135, the Court should consider the fact admitted and
undisputed.  Fed. R. Civ. P. 56(c)(1)(A), (e)(2); LR
56.1(B)(2)(a)(2).

<p style="text-align:center">136.</p>

**USPS Statement No. 136:**

The National Agreement between the USPS and the Union
provides that "All decisions of an arbitrator will be final and
binding."  CBA at Article 15.5.A.6, attached as <u>Exhibit A</u> to the
Norcross Dec.

**Plaintiff's Response:**

Disputed.  The Postal Service has relied exclusively on the
National Agreement between the USPS and the Postal Union dated
November 21, 2006 through November 20, 2010, which took effect as
of February 3, 2007.  However, the dates where Plaintiff was
found to have worked his second job while out on sick leave all
occurred in 2005, thus the applicability of the National
Agreement is in dispute.

**USPS Reply:**

As an initial matter, the USPS objects on grounds that
Plaintiff failed to cite to any evidence in support of his
Response.  LR 56.1(B)(2)(a)(2).  Plaintiff was required to cite

<p style="text-align:center">161</p>

to "particular parts of materials in the record" that show this fact "is genuinely disputed."  Fed. R. Civ. Proc. 56(c)(1). Plaintiff has failed to do so, and the Court may therefore consider Paragraph 136 undisputed and admitted.   Fed. R. Civ. Proc. 56(e)(2); LR 56.1(B)(2)(a)(2)

The USPS further objects on grounds that Plaintiff's Complaint states that "The Postal Service breached the 2006-2010 Collective Bargaining Agreement entered into by and between the Postal Service and the Postal Union."  Complaint at ¶ 42.  The general rule is that a party is bound by the admissions in his pleadings.  Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618, 621 (11th Cir. 1983).  Plaintiff has, therefore, admitted that the National Agreement between the USPS and the Postal Union dated November 21, 2006 through November 20, 2010 applies to this case.  He should be estopped from claiming otherwise.


This 15th day of November, 2010.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


 /s/ Darcy F. Coty
DARCY F. COTY
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse

162

```
75 Spring Street, SW
Atlanta, Georgia 30303
(404)581-6043
Ga. Bar No. 259280
darcy.coty@usdoj.gov
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| OTIS G. WALKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 1:09-CV-2550-WSD |
| | : | |
| UNITED STATES POSTAL SERVICE | : | |
| and AMERICAN POSTAL WORKERS | : | |
| UNION, AFL-CIO, ATLANTA METRO, | : | |
| AREA LOCAL 32, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

This 15th day of November, 2010.

          /s/ Darcy F. Coty
          DARCY F. COTY
          ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OTIS G. WALKER,                          :
                                         :
    Plaintiff,                           :
                                         :   CIVIL ACTION
        vs.                              :
                                         :   NO. 1:09-CV-2550-WSD
                                         :
UNITED STATES POSTAL SERVICE             :
and AMERICAN POSTAL WORKERS              :
UNION, AFL-CIO, ATLANTA METRO,           :
AREA LOCAL 32,                           :
                                         :
    Defendants.                          :
                                         :

CERTIFICATE OF SERVICE

        This is to certify that the undersigned has this date

electronically filed the foregoing pleading with the Clerk of the

Court using the CM/ECF system which will automatically send email

notification of such filing to the following attorney(s) of record:


                Eric Croone
                E. Croone & Associates, LLC

                Matthew Boyd
                Will Ellis, Jr.
                Hawkins & Parnell, LLP

                Norman J Slawsky
                Jacobs & Slawsky, PA


This 15th day of November, 2010.

                    /s Darcy F. Coty
                DARCY F. COTY
                ASSISTANT UNITED STATES ATTORNEY